HOPKINS *v.* CITY OF ATLANTA *et al.*

No. 7905. FEBRUARY 17, 1931.

*Etheridge, Peck & Etheridge,* for plaintiff.
*J. L. Mayson, C. S. Winn, J. C. Savage, Tye, Thomson & Tye,*

*Hewlett & Dennis, J. W. DeLoach,* and *Lovick G. Fortson,* for defendants.

BECK, P. J.    P. B. Hopkins filed a petition to recover for damages against the City of Atlanta, W. J. Davis, and E. O. Kellum, joint tort-feasors, and to enjoin S. B. Karp and the Atlanta Banking and Savings Company from proceeding with three actions brought by them against Hopkins (the facts which gave rise to the damage having been pleaded as a defense to said actions), and asking that all these actions be consolidated and tried as one case, to avoid a multiplicity of suits, as the same facts would determine the outcome of all said cases.

P. B. Hopkins, a contractor, erected a house on a lot on Glenn Iris Drive, Atlanta, Georgia, which was purchased by him under a contract with W. J. Davis and E. O. Kellum, owners, which contract provided for deferred payments for the sale of the lot and required the plaintiff to erect a house thereon. The contract further provided that Davis and Kellum would procure a first loan on the house when completed, and Davis, for the Atlanta Banking and Savings Company, of which he was president, further agreed that upon the completion and sale of the house that company would buy the notes given for the purchase of the house, and out of the proceeds make the deferred payments due Davis and Kellum on the lot, which agreement was fully consummated. Davis procured a first loan on the premises from Atlanta Banking and Savings Company, and for that company purchased the notes of S. B. Karp, who bought the house from plaintiff, the company disbursing the proceeds of both loans and paying the amount of the first loan for labor and materials entering into the house, and out of the proceeds of the purchase-money notes paid Davis and Kellum for the deferred amounts due on the lot.    Thereafter there was a cave-in and collapse of the front yard of the house, and plaintiff discovered for the first time that there was a sewer about thirty feet underground running through the lot and under the house, which had collapsed and washed the dirt away up to the surface, causing the cave-in.    Plaintiff alleged, on information and belief, that this sewer was built by W. J. Davis about twenty years ago in the bottom of a ravine which traversed this lot from front to back; that thereafter Davis, without properly bracing, protecting, or strengthening the sewer, permitted horses and wagons to drive over it, and, in

making·said fill, ponded water west of this property, where he built a catch-basin and sewer running into the sewer above mentioned, to carry off such ponded water; that the city had tapped onto the sewer which later collapsed, and used the same for drainage from streets for a distance of two blocks west of this property, and in addition issued permits for residents to tap the sewer, utilizing it for sewage as well as drainage; that as a result of said collapse the ground gave way under the fundations of the house, and the foundations and walls sagged, collapsed, and fell, and the house was twisted and sprung to such an extent that it became almost a complete wreck. Plaintiff further alleged the duty of Davis and Kellum and the City of Atlanta to maintain and repair the sewer, and made various charges of negligence against them. Upon the collapse of the sewer, Davis and Kellum procured the city to make repairs, and in so doing additional damage was caused to the house and lot from failure to properly brace the cave-in and excavations, from failure to properly tamp the earth when refilled, and failure to place adequate foundations or supports under said house. After the .collapse the house became unsafe and dangerous for occupancy. Karp moved out and sued plaintiff in Fulton superior court for damages arising from the facts stated. Atlanta Banking and Savings Company sued plaintiff in the city court of Atlanta, on the notes secured by first loan on the house; and also sued plaintiff as indorser and Karp as maker, in the municipal court of Atlanta, on the purchase-money notes given for the house. Plaintiff asked that all these actions be enjoined and consolidated with this case, and that the rights of all of the various parties be fixed in this one action, to avoid a multiplicity of suits, as the same facts which gave rise to a cause of action against Davis and Kellum and the city constituted a defense to the actions of the Atlanta Banking and Savings Company and Karp.

General and special demurrers filed by the various defendants were sustained, and Hopkins excepted. The following was the order of the court: "General demurrer No. 2, on the ground of a misjoinder of causes of action, is hereby sustained, and the case dismissed as to the City of Atlanta, unless amended in 15 days. Other demurrers general and special not passed upon at this time." No amendment was filed, and this order amounted to a dismissal of the case as to the City of Atlanta.

■ While certain of the stated acts by the City of Atlanta, which it was alleged caused or contributed to the injury to the property in question, were separate from and independent of any of the acts committed by two of the other joint defendants, Davis and Kellum, whose general demurrer was overruled and against whom the case was retained, still other acts were charged against the City of Atlanta, which, jointly with acts charged against Davis and Kellum, caused the damages which were the basis of the suit and called for an application of the rule that if the separate and independent acts of negligence of several tort-feasors combined naturally and directly to produce a single injury, they may be sued on jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred; and the fact that the duty owed to the complainant by two or more parties defendant may or may not have been the same does not prevent the application of this principle. "Where one suffers an injury as the result of the concurring negligence of two tort-feasors, the injured party may maintain a joint or several suit against the tort-feasors; and it will be sufficient to support a recovery in a joint suit if the negligence of both be a contributing cause, although the degree of care owed to the complainant by both parties defendant be not the same." *Gooch* v. *Georgia Marble Co.*, 151 *Ga.* 462 (107 S. E. 47). See also *Searce* v. *Gainesville*, 33 *Ga. App.* 411 (126 S. E. 883), and cit. Upon the application of these rules to the facts of the present case, the ground of the demurrer sustained by the court should have been overruled.

■ The court did not err in sustaining the demurrer of the Atlanta Banking and Savings Company; because, although Davis was president of that company, it was not chargeable with the acts of fraud alleged to have been committed by him; for, in performing the acts charged to be a fraud on his part, Davis was acting in his individual capacity and for his own profit and gain, and it was not contemplated, according to any of the allegations of the petition, that the bank would participate in any of the profits made or advantages gained by the sale to petitioner of the lot which was the property of Davis.

■ The court did not err in sustaining the demurrer of S. B. Karp, or in sustaining the special demurrer to paragraphs 19, 38, 50, 51, and 52 of the petition.

■

*Judgment reversed in part and affirmed in part. All the Justices concur, except Gilbert and Atkinson, JJ., who dissent from the ruling stated in first division of the decision.*