756

26266.   L. B. PRICE MERCANTILE CO. *et al. v.* ADAMS.

Decided November 30, 1937.

*Clarence H. Calhoun, J. Herbert Johnson, Maddox, Matthews & Owens,* for plaintiff in error.

*Maddox & Griffin,* contra.

STEPHENS, P. J.   1.   Where on the trial of a suit in which the plaintiff seeks to recover damages arising out of an alleged malicious abuse of legal process by the defendants, in that the defendants, for the purpose of gaining entrance to the plaintiff's home and searching the plaintiff's house to ascertain if the plaintiff had in possession any blankets which the defendants had sold to the plaintiff's daughter who did not live in the house with the plaintiff, and against which the defendants had taken out an attachment for the purchase-money, did, on a named date, cause to be issued by a justice of the peace, a search warrant for a search of the plaintiff's premises for intoxicating liquors; and where it appeared from the pleas and answers of the defendants that the defendants admitted that such described warrant was issued by the notary public ex-officio justice of the peace as alleged, and was delivered by him to his constable, but denied that the warrant was issued at the request or at the instance of the defendants, or on information furnished by the defendants, but alleged that the warrant was "inadvertently issued" by the notary public ex-officio justice of the peace, and where there appeared in evidence a warrant of this description, which, according to the plaintiff's testimony, was the "identical paper" or "one like this" that was exhibited to her on the date it appears the warrant purported to issue, and which was the same date when it appears elsewhere in the evidence the attachment for the purchase-money was issued; and where the constable, together with the defendants, went to the plaintiff's home and entered it and searched for blankets; and notwithstanding there is evidence that the alleged search warrant was not used in the search

of the plaintiff's premises, but that it was executed as a purported copy of the original search warrant which was a search warrant for blankets, but was executed some days after the plaintiff's premises had been entered as aforesaid, and was signed at the instigation of the constable for the avowed purpose of establishing a copy of the original search warrant which had become lost, that it was signed by one of the defendants, who was agent for the other defendant, in blank on a form authorizing a search for intoxicating liquors, and had not been corrected to conform to the alleged original search warrant which was a warrant authorizing a search for blankets of the description contained in the attachment for the purchase-money, the inference was authorized that the alleged warrant in question, which was a warrant for the search of the plaintiff's premises for intoxicating liquors, was the warrant under which the plaintiff's premises were entered and searched for blankets.

2. Where a person procured the issuance of a search warrant for the search of another person's premises for intoxicating liquors for the purpose of gaining entry into the premises, not for the purpose of searching the premises for intoxicating liquors, but for the purpose of aiding in the execution of an attachment for the purchase-money by entering the premises and searching for property of another description, such as blankets, on the premises, the inference is authorized that the issuance of the warrant and its use for such purpose was a malicious abuse of legal process.

3. The evidence was sufficient to authorize the inference that the defendant L. B. Price Mercantile Company, through its authorized agent E. C. Hooks, and E. C. Hooks individually, the other defendant, at their instance and request, procured the issuance of a search warrant for the plaintiff's premises for the purpose of searching it for intoxicating liquors, and that they procured the search warrant for the purpose of entering the plaintiff's premises and searching it for the purpose of finding blankets against which the defendants had procured the issuance of an attachment for the purchase-money against a person other than the plaintiff, and that the defendant Hooks, and another agent of the defendant Price Mercantile Company, for this purpose, went with the constable, and pursuant and under the authority of such warrant entered the plaintiff's premises and took therefrom certain blankets found there which they claimed belonged to the defendant Price Mercantile

Company, and which the plaintiff claimed belonged to her, and caused the constable to levy on such blankets under the attachment for the purchase-money, and that this action of the defendants constituted a malicious abuse of legal process, and authorized the verdict which was found for the plaintiff in the sum of $1500.

4. The court having clearly and unequivocally instructed the jury that if the defendants did not enter the plaintiff's home and did not search her home by the use of the search warrant authorizing a search for intoxicating liquors, the plaintiff could not recover and the jury should find for the defendants, none of the excerpts from the charge of the court, in so far as they authorized a recovery on the ground of the issuance or execution of the search warrant in question, were subject to the objection that they were error in that they did not draw the distinction between the search warrant which was issued for the search of the plaintiff's premises for intoxicating liquors and the search warrant alleged to have been obtained by the defendants for the search of the plaintiff's premises for blankets. For the same reason the court did not err in failing to charge, as requested, that if the jury should find that the search warrant in the hands of the constable was a warrant for the purpose of searching for blankets and not for the purpose of searching for intoxicating liquors, the plaintiff could not recover. In the excerpt complained of the court charged that the jury would be authorized to find for the plaintiff only in the event that her home was entered in the use of the search warrant, and that this was the purpose for which the search warrant was obtained, and that if the search warrant was wilfully and maliciously obtained for the purpose of entering the plaintiff's home, and that if the paper introduced in evidence as the search warrant, or the paper set out as an exhibit to the plaintiff's petition, was not used on the date of the alleged search of the plaintiff's home, and that if the constable and those accompanying him when they entered the plaintiff's home did not have a search warrant for liquor, the jury could not find for the plaintiff, but should find for the defendant.

5. Although the court may have erroneously instructed the jury that one of the defendants denied the allegation in the plaintiff's petition that the defendant Price Mercantile Company had sold blankets to the plaintiff's daughter, when the defendant in its plea

expressly admitted this allegation, this erroneous statement of the contentions of one of the defendants as contained in the pleadings was harmless to the defendants where the court afterwards in the charge expressly stated to the jury that this defendant admitted that the plaintiff's daughter had bought the blankets from the defendant Price Mercantile Company.

6. The court did not err in admitting in evidence the paper which was a search warrant for a search of the plaintiff's premises for intoxicating liquors.

7. Since the issue involved and made by the evidence was the right of the plaintiff to be secure against an illegal search of her home under a search warrant which did not authorize the search, and that the search warrant under which her home was searched was for a search of the premises for intoxicating liquors when the plaintiff had none in her house, it was not error for the court to charge the constitutional provision that it was the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, and that no warrants should issue except upon probable cause particularly describing the place to be searched and the persons or things to be seized.

8. A charge of the court that punitive damages are given to deter a future similar occurrence, and also as damages for the wrong committed under peculiar provoking circumstances, is but a statement of the two conditions under which punitive damages may be awarded, and is not subject to the objection that it authorizes a recovery for double damages for the same wrong. There is no exception on any other ground that the charge authorized a recovery of double damages.

9. The charge is not subject to any of the exceptions that it stated unfairly to the defendants the contentions of the parties, or that it contained expressions of opinion on the facts, or was otherwise prejudicial.

10. The verdict in the sum of $1500 is not excessive as a matter of law. Nor does it indicate prejudice or bias on the part of the jury.

11. The verdict for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Felton, J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. This was a very close case, and it is extremely doubtful whether the plaintiff was entitled to recover any sum. Under the circumstances and the evidence as presented, the following charge of the court, "In every tort there may be aggravating circumstances, either in the act or the intention; and if the jury find there were such aggravating circumstances, they may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff, or both," was error, and I think that the exception of the plaintiff in error to this charge, as contained in ground 7 of the motion for new trial, "that the same was contrary to law and misleading to the jury, in that it was calculated to lead the jury to believe that they might assess punitive damages, and, in addition thereto, to find further damages if they found there were aggravating circumstances either in the act or the intention; in other words, that they were authorized to find double damages," is sufficient as an exception to such charge. The judge told the jury that they might give punitive or exemplary damages, as additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for wounded feelings, *or both*. The Code, § 105-2002, does not authorize a jury to give exemplary damages for both purposes in the same suit. The Supreme Court, in *Johnson* v. *Morris,* 158 *Ga.* 403 (123 S. E. 707), held: "In a tort, accompanied with aggravating circumstances, the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff, but not to punish the defendant, nor for both of the above-named purposes." In the view that I take of this case, I think the charge above referred to was clearly error, and that the judgment should be reversed.