26745. HUFF *v.* NATIONAL ACCIDENT AND HEALTH INSURANCE COMPANY.

DECIDED JULY 9, 1938. ADHERED TO ON REHEARING, JULY 26, 1938.

*J. C. Bowden,* for plaintiff.

*W. L. Bryan, Carlton Mobley,* for defendant.

STEPHENS, P. J. 1. Where an agent, while acting within the scope of his employment and in the prosecution of the business for which he is employed in behalf of the principal, commits a tortious act upon another, the act of the agent is the act of the principal, and the principal is responsible therefor.

2. Where, in a petition to recover damages alleged to have been sustained by the plaintiff as the result of a tortious act of the defendant by and through the defendant's agent, it is alleged that a named person who "was agent and servant of this defendant, working and acting for" the defendant "at the time and within the scope of his employment," came to the plaintiff's home where the plaintiff was sick, having with him money with which to pay the plaintiff a weekly benefit which was due to the plaintiff under

a policy which the plaintiff had with the defendant insurance company, and, instead of paying the plaintiff the benefit, demanded that the plaintiff sign a paper releasing the defendant from benefits, and without any justification began to curse, abuse, and excoriate the plaintiff for refusing to sign the paper, left the house and returned with policemen and caused them to arrest the plaintiff and confine him in jail under a false and fraudulent accusation against the plaintiff of cursing the agent and running the agent from the plaintiff's home; that the agent, while acting for the defendant and within the scope of his employment, prosecuted the plaintiff in the recorder's court and asked and urged the recorder to find the plaintiff guilty and to punish him by sending him to the city chain-gang; that the recorder after hearing the case found the plaintiff not guilty; that this was a final termination of the prosecution in favor of the plaintiff; that the "object of said prosecution was to browbeat, frighten, and intimidate your petitioner from asking for and demanding said $10 weekly sick benefit together with future sums in like amounts," and for the sole purpose of wantonly and wilfully beating the plaintiff out of his sick benefits justly due and becoming due; and that by reason of the alleged acts the prosecution was malicious and without probable cause, there is set out a cause of action in favor of the plaintiff against the defendant for a malicious prosecution, without probable cause, of the plaintiff by the defendant, and for an illegal arrest and imprisonment of the plaintiff, done wilfully and maliciously and without justification, by and through the agent of the defendant, while acting within the scope of his authority in the prosecution of the defendant's business.

3. The petition, although certain paragraphs and allegations thereof had been stricken on demurrer, and amendments subsequently filed and allowed may not have met the objection urged by the special demurrer, nevertheless set out a cause of action, and was good against general demurrer. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. Paragraph 10 of the original petition alleged: "Petitioner shows that said Freeman, agent of this defendant, . . with full knowledge and the approval and command of the defendant company, did prosecute him in the re-

corder's court," etc. The defendant demurred specially to this paragraph, for the reasons that it failed to allege when, where, and through what agent or officer, and how the defendant acquired full knowledge, and by whom, when, where, and how the alleged approval was given, and when, where, or by whom the alleged command of the defendant company was given; and that the allegations were conclusions of the pleader without sufficient facts alleged to support them. Whereupon the plaintiff amended paragraph 10 of the petition by striking the words "and command," and adding substantially the following allegations to the paragraph: that the plaintiff went to the office of the defendant, the morning before the afternoon of the trial, and told the man in charge of the office, and that the agent in charge informed plaintiff that he knew about the prosecution, but failed and refused to stop the same; that the agent in charge of the office was at the time of the arrest and prosecution of petitioner an agent of the defendant, actively engaged in his work and duties for it and acting within the scope of his employment. I am of the opinion that this case is governed by the ruling in the case of *Wikle* v. *L. & N. Railroad Co.,* 116 *Ga.* 309 (42 S. E. 525). My interpretation of that ruling is that a master is not liable for malicious prosecution by his servant, unless prosecuting people is an incident to the duties to be performed by the agent; and that the burden is upon the injured party to show that the act of the agent was an incident to his duties, or that the prosecution was commanded or afterwards ratified. Presumptively, unless otherwise alleged, such an agent as is involved in this case does not have authority to prosecute people in order to carry on his master's business; and this presumption is not negatived by the petition. No command is alleged. No ratification is alleged, for three reasons: (1) it is not alleged that the agent who knew of the prosecution had authority to ratify it; (2) it is not alleged that this agent knew that the prosecution was malicious and without probable cause; and (3) non-action by the defendant would not be a ratification, because the defendant could not control the prosecution after it was begun.