HORTON *v.* JOHNSON, executrix, *et al.*

No. 12347. OCTOBER 13, 1938.

*Little, Powell, Reid & Goldstein* and *B. D. Murphy,* for plaintiff in error.

*McElreath, Scott, Duckworth & DuVall, Jones, Powers & Williams,* and *Robert Lee Avary Jr.,* contra.

ATKINSON, Presiding Justice. 1. Where, before the act approved March 31, 1937 (Ga. L. 1937, p. 491), realty was sold for taxes and purchased by a person not bound to pay the tax, and the property was not redeemed as provided by statute within the statutory period, and was not thereafter redeemed by grace of the purchaser who accords a right of redemption (*Union Central Life Insurance Co.* v. *Bank of Tignall,* 182 *Ga.* 233, 185 S. E. 108), the acquired title of the purchaser at the tax sale became absolute. *Miller* v. *Jennings,* 168 *Ga.* 101 (147 S. E. 32) ; *Edwards* v. *Hall,* 176 *Ga.* 632 (168 S. E. 254), and cit.

2. If the owner of realty executes a deed conveying the realty as security for a loan, in which he expressly covenants to pay the taxes, and thereafter breaches the covenant, and the land is sold for taxes to a stranger, and thereafter the borrower or one acting in his interest seeks to purchase the property from the purchaser holding the tax title, for the purpose of preventing enforcement of the security deed against the property, the holder of the security deed would have a remedy in equity. *Templeman* v. *Williams,* 166 *Ga.* 60 (142 S. E. 534). The same result would follow if the tax sale resulted from a breach of duty of a trustee in failing to pay the taxes, and he was attempting individually to acquire

title from the purchaser at tax sale. *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (47 S. E. 639). It would seem that the principle would apply where the borrower was not acting in a fiduciary capacity and had not specially covenanted to pay the taxes, but whose legal duty it was to pay the taxes as the owner of the property. Code, § 92-8105. *Bowlin* v. *Hemphill,* 180 *Ga.* 435 (179 S. E. 341) ; 61 C. J. 1305, § 1826.

3. In the instant case the petition while alleging that the petitioner is the holder of a loan deed to the realty fails to allege its date or its contents, or to set forth a copy thereof. The petition construed most strongly against petitioner fails to show that Mrs. Smith was maker of the loan deed, or that she acted in a fiduciary capacity concerning the property, or that she expressly covenanted to pay the taxes, or that she owned the property and thereby was under legal duty to pay the taxes. The allegations do not bring the case within the principle applied in the three cases last cited. An allegation that certain tax deeds contain stated recitals is not an allegation of fact as to the matter so recited. *Sammons* v. *Nabers,* 184 *Ga.* 269 (191 S. E. 124).

4. The ground of special demurrer to the effect that a copy of the judgment is not attached to the pleadings, nor is it disclosed whether the judgment is one in personam or in rem, or whether the enforcement of the judgment is limited to the property referred to therein, is without merit.

5. The other grounds of special demurrer, complaining that the allegations as to the taking of the option as a result of conspiracy between mother and daughter, merely state conclusions, and were properly overruled.

6. On application of the principle first stated, the petition failed to allege a cause of action. The court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur, except*

RUSSELL, Chief Justice, and GRICE, Justice, dissenting. We are of the opinion, construing the allegations of the petition as a whole, that it sufficiently appears, in the absence of a special demurrer calling for a more direct statement to that effect, that Mrs. Smith was the owner of the property, and that the judgment should be affirmed.