The petition by which the plaintiff sought to recover damages for malicious prosecution was not subject to the general or the special demurrer.
 DECIDED MARCH 10, 1943.
On April 10, 1940, Thelma Norton brought suit against Davison-Paxon Company, Stores Mutual Protective Association Inc., and S. H. Gresham, in which she alleged that the defendants had damaged her by reason of the following facts: On October 28, 1938, J. B. Carver, as agent for Davison-Paxon Company and Stores Mutual Protective Association Inc., procured from the municipal court of Atlanta a warrant for the plaintiff's arrest, in which the plaintiff was charged with being a common cheat and swindler. On November 7, 1938, she was arrested under this warrant and carried to the office of the chief judge, where she was detained under arrest until late that afternoon, when she was released by the judge with direction to return to court at 10 a. m. on November 12, 1938. On November 12, at a preliminary hearing, Judge A. L. Etheridge, after hearing the testimony of Carver, bound the plaintiff over to the criminal court of Fulton County. After this hearing the plaintiff was taken to the office of the sheriff of Fulton County, where she was required to execute a $100 bond. While in the office of the sheriff an effort was made to fingerprint and photograph her, but she refused to submit thereto. On November 22, 1938, Carver, while acting as agent aforesaid, went before the solicitor of the criminal court of Fulton County and swore to an accusation charging that the plaintiff, on September 10, 1938, defrauded Davison-Paxon Company out of $25. On December 8, 1938, the plaintiff was placed on trial on this accusation before Judge Wood of the criminal court on the charge of being a common cheat and swindler. Carver testified for the State on this trial. *Page 78 
The jury returned a verdict of not guilty. On September 10, 1938, Thomas Norton, a half-brother of the plaintiff, gave her a check for $25, signed by himself and drawn on the Valley National Bank of Phoenix, Arizona. The plaintiff at this time had an open account with Davison-Paxon Company, and was well known to this company, as she had opened and maintained an account with it for many months before that time. After receiving the check she went to the store of Davison-Paxon Company, where she indorsed the check, paying a balance of $9.51 due on her open account, and receiving the difference of $15.49 in money.
For some time before September 10, 1938, she had been ill, and on September 17 she went to Jacksonville, Florida, in an effort to regain her health. On October 20, 1938, she returned to her home in Atlanta. While her health had improved, it had not been fully restored to normal. On her return to Atlanta she found a letter from S. H. Gresham, manager of Stores Mutual Protective Association Inc., dated October 17, 1938, which had been delivered to her residence in her absence, in which she was advised that the $25 check signed by Thomas Norton had been returned unpaid. In this letter Gresham demanded that she make good the amount of the check by ten o'clock a. m. October 19, 1938. At this time she did not have this amount of money, and was weak, extremely nervous, and unable to leave the house. She immediately called the office of the protective association, and requested that some one come to her home in order that she might explain concerning the check, who the maker was, and where he could be located. She told the person on the telephone of her past illness and of her present physical condition, and that she was not able to leave her room. The association failed and refused to grant her request, and on October 28, 1938, Carver, while acting as agent aforesaid, instituted a malicious prosecution against her. The agent of Davison-Paxon Company, Mrs. T. Milligan, delivered the $25 check to the protective association for the purpose of prosecuting the plaintiff. Gresham, as manager and agent of the association, counseled and advised with Carver, as agent, to bring the prosecution against the plaintiff for being a common cheat and swindler. She was not guilty of such offense, and the charges set forth in the warrant against her and in the criminal accusation were false and malicious and there was an entire want of probable cause. She was acquitted *Page 79 
of these charges when tried. Davison-Paxon Company, Mrs. T. Milligan, the Stores Mutual Protective Association Inc., J. B. Carver, and S. H. Gresham, each and every one, conspired and confederated to arrest and maliciously prosecute the plaintiff, and they knew that she was not guilty of the offense with which she was charged.
By reason of the premises the plaintiff was injured in her reputation and brought into public scandal, infamy, and disgrace among her neighbors and other good and worthy citizens of the State; and divers of her neighbors and citizens to whom her innocence in the premises was not known have, by reason of the premises, suspected and believed and still believe that she was guilty of the charge of being a common cheat and swindler. She has suffered great anxiety and pain of both body and mind, and had been obliged to expend money amounting to $100 in obtaining her discharge and defending herself. On November 7 when she was arrested, she was at home sick and under the care of a physician, and was unable to leave her home; and the officers came to her home and compelled her to go to the court-house for trial before a judge of the municipal court. She was still ill and under the care of a physician, and not able to go to the court-house on November 12, 1938, when she was required to return for the commitment trial. As a direct and proximate cause of her unlawful and illegal arrest she had a relapse of her illness. The acts of the defendants and of each of them constituted malicious prosecution, and the plaintiff is entitled to punitive damages as well as compensatory damages.
Davison-Paxon Company demurred on the grounds that no cause of action was alleged against it, and that the petition showed on its face that it was an action for injury and damage to character and reputation, and therefore the action was barred by the statute of limitations. Also on the special grounds that the petition was multifarious and duplicitous; that there was a misjoinder of parties; that the petition failed to show a lack of probable cause, but showed on the contrary that probable cause affirmatively appeared; that the facts alleged failed to show any malice of this defendant toward the plaintiff; and that no cause of action for malicious prosecution was alleged. This defendant demurred specially to various paragraphs of the petition, on the ground that they were irrelevant, immaterial, vague, and indefinite, and constituted conclusions of the pleader. *Page 80 
Stores Mutual Protective Association Inc. and Gresham demurred on the grounds that no cause of action was alleged, and that it appeared that the petition was for injury and damage to character and not for injury and damage to person, and therefore the action was barred by the statute of limitations. The demurrers of these defendants were in other respects similar to the demurrers of the other defendant. The judge overruled all the demurrers, and the defendants excepted.
1. The plaintiff was arrested and prosecuted under a valid warrant and a valid accusation. She alleged that her prosecution was without probable cause and with malice. The petition shows that the prosecution terminated favorably to her. She alleged that the defendants knew that she was not guilty of the offense for which they caused her to be prosecuted. The petition set out a cause of action. See Price v. Cobb, 63 Ga. App. 694
(11 S.E.2d, 822). "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." Code § 105-801. "The prosecution must be ended before the right of action accrues." § 105-806.
2. The defendant corporations are liable for the acts of their agents and servants, acting within the scope of their agency or employment. A principal or master is liable, in a proper case, for malicious prosecution where the same is conducted by an agent or servant in furtherance of the business of the former, and within the scope of the latter's authority. Joiner v. OceanSteamship Co., 86 Ga. 238, 241 (12 S.E. 361).
3. The present action is for malicious prosecution. Melson
v. Dickson, 63 Ga. 682 (36 Am. R. 128); Riley v.Johnston, 13 Ga. 260. "Actions for malicious prosecution, for malicious abuse of legal process, for false arrest or false imprisonment, or for malicious use of civil process are all actions for damages for injuries to the person of the party complainant; and under section 4497 of the Code such actions are not barred until two years after the cause of action arises."McCullough v. Atlantic Refining Co., 50 Ga. App. 237
(177 S.E. 601). It affirmatively appears that the petition *Page 81 
was filed on April 10, 1940, and that the prosecution was instituted in November, 1938, and terminated in December, 1938.
4. The petition is not like the petition in McCullough v.Atlantic Refining Co., supra, where this court said: "Where the averments of a petition are so loosely and uncertainly made as to render it difficult to determine the nature of the cause of action relied upon by the plaintiff, and where the facts alleged therein are such as to be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where plaintiff's petition is ambiguous to the extent that the plaintiff's intention is not clearly manifest as to which form of action is relied upon," the petition is subject to special demurrer. The petition, while containing some immaterial allegations, clearly indicates that the plaintiff's intention is to sue for malicious prosecution. The grounds of special demurrer are without merit. The court did not err in overruling the demurrers.
Judgment affirmed. Sutton, J., Concurs. Felton, J., concursin the judgment.