30215.   DAVIS *v.* PITTMAN *et al.*

DECIDED JANUARY 12, 1944.

*Tye, Thomson, Tye & Edmondson,* for plaintiff in error.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Bond Almand, Moise & Post, E. Bates Block,* contra.

GARDNER, J. ■ The court did not err in overruling the demurrers. This disposes of the exceptions pendente lite.

■ There was no evidence that Davis constructed the sewer in question. In fact the evidence is undisputed that he did not. He purchased the property after the construction of the "private" sewer line. It appears from the evidence that there were certain transactions between Davis and the authorities of the city with

reference to connecting other portions of the "private" sewer line to the city mains, and transactions wherein Davis permitted the tapping of the private line (part of which was constructed over the tract on which the plaintiff's house was built), in order to connect with the city mains. But there was no evidence of any such connection concerning that portion of the sewer on the lot in question. There was no evidence which would authorize the inference that Davis at the time of the damage complained of, and for a number of years prior thereto, maintained or attempted to maintain the sewer line running under the plaintiff's house, or that he owned or controlled any property along, adjacent to, or in the vicinity of the alleged defective sewer. But there is a direct allegation that about the year 1927 the city acquired the sewer line and obligated itself to maintain it, and it became a part of the city's sewerage system. There is evidence to this effect. On this feature of the case the evidence wholly failed to sustain a recovery against the defendant Davis either on the theory that he improperly constructed the sewer or negligently maintained it. This leaves but one further contention to sustain the verdict against Davis, and that is as to the allegation in the amendment to the effect that in 1914, knowing that the sewer was constructed across the lot in question, Davis sold the lot to the plaintiff's predecessor in title, J. W. Woolley (plaintiff acquiring the same in 1934 by inheritance), without revealing the location of the sewer to the then purchaser of the property. The petition does not allege that there was any express warranty concerning the sewer. The petition is lacking in any allegation as to actual or constructive fraud except as above stated. There was no demurrer filed to the amendment, which was set up after the overruling of the general and special demurrers. Therefore we are not here concerned with whether a different cause of action was thereby alleged against Davis, but we are concerned and must decide whether there was any evidence to sustain this theory of the case. The evidence reveals that on January 8, 1914, Davis deeded the tract in question to J. W. Woolley; that on February 20, 1918, J. W. Woolley deeded it to Hoyt C. Woolley (the father of the plaintiff, who died the following April, leaving the plaintiff as his sole heir at law); that on October 11, 1934, Henry J. Austin, as guardian of the plaintiff, deeded the tract to her. The evidence reveals that the house was built by J.

W. Woolley. The evidence does not disclose the nature of the conveyances, that is, whether they contained covenants of warranty of any nature, or the consideration. Neither does the evidence show that at the time Davis conveyed the lot to Woolley, Davis knew of the location of the sewer on this particular lot. If it be conceded, for the sake of argument, that Davis did know of the location of the sewer, under the evidence submitted to sustain the verdict on the theory that he concealed it, the evidence is insufficient in law. We have been unable to find any authority in this State, and none has been cited to us, where the mere concealment of such a fact from a predecessor in title of real estate (as shown by the facts of this case), is sufficient to sustain such a recovery. *Woodward* v. *Miller,* 119 *Ga.* 618 (46 S. E. 847, 64 L. R. A. 932, 100 Am. St. R. 188), involves personal property; 41 A. L. R. 78, § 27, does not apply because there is no proof that Davis constructed the sewer line.

It is argued that *Hopkins* v. *City of Atlanta,* 172 *Ga.* 254 (157 S. E. 473), and *Davis* v. *Hopkins,* 50 *Ga. App.* 654 (179 S. E. 213), both involving the same facts and parties, are authority to sustain the verdict in the instant case against Davis. By reference to the facts of the *Hopkins* cases, it will be seen that they are different from the case at bar. In *Davis* v. *Hopkins,* it was alleged and proved that the sewer pipe in that lot was exposed to view at the time Davis purchased the property. Thereafter he began hauling and dumping thereon, rubbish and barrels and other materials unsuitable to fill a lot. As to the sewer and the lot here in question, there is no such allegation or evidence. We therefore conclude and hold that the principle ruled under the facts in the *Hopkins* cases can not be extended to sustain the recovery against Davis in the instant case. The court erred in overruling the motion for a new trial. *Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., concurring specially. I concur in the judgment on the motion for new trial, but also think that Davis's demurrer should have been sustained.