34589. KING *v.* CITIZENS BANK OF DEKALB.

Decided April 21, 1953.

*Jack F. Broyles, George B. Rush,* for plaintiff in error.

*McCurdy & Candler, J. Robin Harris,* contra.

GARDNER, P. J. The trial court sustained the general demurrer of the corporate defendant, Citizens Bank of DeKalb, to the petition as amended, wherein the plaintiff sought recovery of damages from said bank, and from Marks and Sams, the latter being executive vice-president of the bank, for the alleged malicious prosecution by the defendants of a criminal warrant against the plaintiff, which terminated favorably to the plaintiff. It was alleged that the defendants acted together in the prosecution of the plaintiff, that they conspired to obtain his conviction of larceny after trust, and that the bank, through Sams its officer, with authority to act, and the defendant Marks, jointly prosecuted the plaintiff in the Civil Court of Fulton County for larceny after trust, which prosecution was instituted and carried on maliciously and without probable cause, it being alleged that each of the defendants was actuated by malice, the malice of the defendant Marks being instigated and resulting from the false

statement made by the defendant bank, through the defendant Sams, to Marks. The trial judge sustained the general demurrer of the defendant bank that no cause of action was alleged against it, and the plaintiff excepts to that judgment.

"A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." Code § 105-801. The conspiracy alleged herein did not constitute any cause of action. Conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy, but the tortious act perpetrated, and the damage flowing therefrom. *Wall* v. *Seaboard Airline Ry. Co.*, 18 *Ga. App.* 457 (89 S. E. 533).

The tortious act is the swearing out of the warrant charging the plaintiff with larceny after trust, same being done maliciously and there being a want of probable cause. The question presented is whether the allegations of the petition as amended make a cause for submission to a jury as to the liability of the Citizens Bank of DeKalb. It is our opinion that they do not. It is alleged that the bank, by the defendant Sams, its executive vice-president, wrote a letter to the plaintiff, in which the bank falsely stated that a rebate had been made to the plaintiff and that this caused the defendant Marks to swear out the warrant against the plaintiff. This letter is attached to the petition and is signed "R. E. Sams, executive vice-president", without stating the name of the bank, and the letter does not show that it was upon bank stationery. However, it is so worded, when considered in connection with the allegations of the petition, that it may be considered as a letter from the bank or rather on behalf of or for the bank by Sams.

However wrongful the acts of the defendant Sams might have been, we do not think that the bank should be held liable because Sams wrote a letter and signed it "executive vice-president". His authority to do so does not appear, except such as may be implied from the fact that he is executive vice-president of the bank. The fact that Sams testified for the defendant Marks in prosecuting the plaintiff at the committal hearing, at which the plaintiff was discharged, and stated that he was appearing in court for the bank and was testifying for the bank was not enough to show authority from the bank to maliciously

prosecute the plaintiff, or that the bank maliciously prosecuted the plaintiff or aided therein or instigated the same. This would be a declaration by the agent and officer that he was acting for the defendant bank, and while it may be considered along with other evidence, would not of itself be sufficient. See *Jackson* v. *Lang*, 74 *Ga. App.* 247, 250 (39 S. E. 2d, 418) and cit.

No matter how much authority a general agent may have, it is not to be presumed that he has authority to commit a tort, and, in order to hold the defendant corporation liable for the act of its officer, such tort must have been committed during the prosecution of the business of the corporation as a part thereof or by authority of the corporation or be ratified by it or assented to. It is alleged that the defendant committed this wrong by writing a letter to the defendant Marks, signed by the vice-president, its officer, the defendant Sams, in which a false statement was made, and that the same was made maliciously and thereby the bank instigated the malicious prosecution of the plaintiff by the defendant Marks. It is not alleged that the defendant Sams as executive vice-president of the bank committed a tort in and about the bank's business, and therefore the bank would be liable. It is alleged that the bank itself made a false statement and made the same maliciously and thus maliciously instigated the malicious prosecution. It appears that the bank acted through its vice-president. A corporation must act through its officers. "Every corporation acts through its officers and is responsible for the acts of such officers in the sphere of their appropriate duties; and no corporation shall be relieved of its liability to third persons for the acts of its officers by reason of any bylaw or other limitation upon the power of the officer, not known to such third person." Code, § 22-712.

There is a distinction between officers and agents of a corporation. An officer is elected by the directors or stockholders to the office created by the charter, while an agency is usually created by the officers and the agents are appointed by the same authority. The powers and duties are not necessarily the same. An officer of a corporation may be its agent, while an agent need not be an officer. The officers, as such, are the corporation, while the agent is a mere employee or servant of the corporation. See *Vardeman* v. *Penn Life Ins. Co.*, 125 *Ga.* 117, 119 (54 S. E.

46

66). A principal shall be bound for the care, diligence, and fidelity of his agent in his business, and hence he shall be bound for the neglect and fraud of his agent in the transaction of such business. Code § 4-311. A bank is not generally liable for a malicious protest made by one of its employees as to a check presented. *May v. Jones*, 88 *Ga.* 308 (14 S. E. 552). In that case ·it was sought to hold the bank liable for the malicious protest of a check, amounting to a libel; and the court held that "an allegation 'that the action of the notary in the matter, he acting under the authority of the bank, is the action of said bank,' is not sufficient to charge the bank as a joint tortfeasor with the notary." The court said (p. 312) that the general authority of the notary to protest checks was not sufficient, that "it may be that the bank authorized the notary to act, but it cannot be inferred from this that it contemplated the perpetration of a libel." It is true that in a proper case a corporation is liable for the fraud and torts of its agents and officers. *McDougald v. Bellamy*, 18 *Ga.* 411 (8, 9); *Scofield Rolling Mill Co. v. State*, 54 *Ga.* 635 (2, 3); *Fouche v. Brower*, 74 *Ga.* 251 (3).

A principal is not liable for the wilful trespass of the agent, unless done by the principal's express command or assented to by the principal. Code § 4-312. What is a trespass? "Any abuse of, or damage done to, the personal property of another, unlawfully, is a trespass for which damages may be recovered." Code § 105-1703. In its broader sense it comprehends any misfeasance, transgression, or offense which damages another person's health, reputation, or property. *Evans v. Cannon*, 34 *Ga. App.* 467, 470 (130 S. E. 76).

It is true that "one who aids, abets, or incites, or encourages or directs by conduct or words,·in the perpetration of a trespass is liable equally with actual trespassers." *Williams v. Inman*, 1 *Ga. App.* 321 (57 S. E. 1009). "One who procures or assists in the commission of a trespass, or does any act which ordinarily and naturally induces its commission, is liable therefor as the actual perpetrator." *Burns v. Horkan*, 126 *Ga.* 161 (54 S. E. 946).

In order for the defendant bank here, however, to be held liable for a malicious prosecution, instigated by a false statement made by its agent or its executive vice-president, it must

appear that the bank authorized such malicious prosecution, and that the same was done by the officer and agent, acting within the scope of his employment or at the direction or command of the bank. See *Murphey* v. *New South &c. Co.*, 145 *Ga.* 561 (89 S. E. 704); *Glass* v. *Brittain Bros. Co.*, 21 *Ga. App.* 634 (94 S. E. 814).

A corporation has been held not liable for the wilful assault of its agent. *Planters Cotton Oil Co.* v. *Baker*, 181 *Ga.* 161 (181 S. E. 671), holds that a principal may be liable for the wilful tort of its agent, done in the command or assent of the principal, and that same may be implied where done within the scope of the agency.

This section means that, if the agent commits the trespass in the prosecution of the corporation's business, it is by implication of law committed by command of the principal or with his consent. *Planters Cotton Oil Co.* v. *Baker*, supra. *L. B. Price Mercantile Co.* v. *Adams*, 56 *Ga. App.* 756 (194 S. E. 29). Code § 4-312 is in pari materia with § 105-108 and must be construed therewith and the two sections harmonized. *Planters Cotton Oil Co.* v. *Baker*, supra. Therefore the principal is liable in a proper case for malicious prosecution where the same is conducted by the agent in furtherance of the business of the principal and within the scope of the agent's authority. *Davison-Paxon Co.* v. *Norton*, 69 *Ga. App.* 77, 80 (24 S. E. 2d, 723).

A corporation is not liable for the malicious acts of its agent or officer unless the same are authorized, or were within the scope of his duties, or were in themselves a violation of a duty owed by the corporation to the party injured, or such acts were ratified by the corporation. *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404 (3) (55 S. E. 37). The mere fact that one who commits a tort is a director and officer of a corporation does not, without more, render the corporation liable. *Strickland* v. *Bank of Cartersville*, 141 *Ga.* 565 (4a) (81 S. E. 886).

There was no benefit or profit to be gained by the bank from the act of Sams, its executive vice-president, in writing a letter to the defendant Marks with a false statement therein and in testifying from the witness stand on the prosecution of the plaintiff by Marks, all being done maliciously. See *Hopkins* v. *City of Atlanta*, 172 *Ga.* 254 (157 S. E. 473)..

It all resolves itself into a situation where it is alleged that the executive vice-president of the bank maliciously and without probable cause instigated and aided the defendant Marks in the malicious prosecution of the plaintiff; and the mere fact that the defendant Sams stated that he was acting for the bank and under the bank's authority in so doing does not render the bank liable under any theory.

"A corporation is not liable for damages resulting from speaking false, malicious, and defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation, and within the scope of his agency, unless it affirmatively appears that the agent was directed or authorized by the corporation to speak the words in question." *Southern Ry. Co.* v. *Chambers* (supra), p. 408. By parity of reasoning, a banking corporation is not liable for damages resulting from a false statement maliciously and wilfully made by its executive vice-president, thereby inducing another to institute without probable cause and maliciously a criminal prosecution against another, even where in making such false statement the officer of the corporation was acting in his capacity as such officer and for the corporation, and within the scope of his agency with the corporation, unless it affirmatively appears that such officer had authority from the corporation to make such false statement. Also, a bank is not liable for a malicious prosecution in which its vice-president participated, encouraged and aided, and purported to act for the corporation, where it does not affirmatively appear that the bank authorized the vice-president to engage in such prosecution or aid and abet therein or that the bank assented thereto or ratified the same.

Applying the foregoing, it does not appear from the petition as amended that a cause of action is set forth as to the defendant, Citizens Bank of DeKalb, and the court properly sustained its general demurrer and dismissed the case as to the bank.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs in the judgment.*