## 35928. ATLANTA HUB COMPANY *v*. BUSSEY.

Decided January 4, 1956.

176

*Levy, Buffington & Levy,* for plaintiff in error.

*Philip T. Keen, Osgood O. Williams,* contra.

CARLISLE, J. ■ Code § 105-108 provides in part as follows: "Every person shall be liable for torts committed by . . . his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." In *Frazier* v. *Southern Ry. Co.,* 200 *Ga.* 590, 593 (37 S. E. 2d 774) it is stated: "The true test is not whether the tort was committed by reason of anger, malice, or ill will, but whether or not it was committed in the prosecution and within the scope of the master's business. If the tort be committed, not by reason of the employment, but because of matter disconnected therewith, the master would not be liable. If the master might defend by showing that at the time of the commission of the tort by his servant upon another, within the course of his employment, the servant acted through anger, malice, or ill will, the purpose of the statute (§ 105-108), making the master liable for voluntary torts, would be defeated in most instances. Torts, assaults, batteries, and abusive treatment generally, are not prompted by a spirit of brotherly love, friendliness, and helpfulness." A corporation is not chargeable with acts of an agent done solely for his own benefit and from which no benefit accrues to the corporation. *Hopkins* v. *City of Atlanta,* 172 *Ga.* 254 (2) (157 S. E. 473). A corporation may, in proper case, be liable for malicious prosecution where the same is conducted by an agent or servant in furtherance of the business of the former, and within the scope of the latter's authority. *Davison-Paxon Co.* v. *Norton,* 69 *Ga. App.* 77 (24 S. E. 2d 723). The petition of the plaintiff here, by alleging that the defendant's agent was credit manager of the corporation, and that, acting within the scope of his authority, he informed the plaintiff's wife to disregard the original suit,

would, construed in favor of the pleader, imply that it was within the scope of the credit manager's authority in the prosecution of the master's business to cause the summonses of garnishment to be issued. But, as against general demurrer, every inference which may fairly be raised against the right to recover must be indulged in, and, there being no express allegation that the acts of the credit manager in causing the garnishments to be run and the plaintiff's money to be wrongfully withheld, after he knew that the plaintiff was not indebted to the corporation and after he assured the plaintiff that the mistake would be remedied, were acts within the scope of authority of the credit manager in the prosecution of the defendant's business, it must be assumed that such acts were not within the scope of his employment. For this reason the petition fails to set out a cause of action as against the defendant corporation. See *King* v. *Citizens Bank of DeKalb*, 88 *Ga. App.* 40 (76 S. E. 2d 86).

■ It is further contended by the plaintiff in error that, aside from this omission, the petition would not in any event state a cause of action for the reason that it fails to allege either a trespass or a malicious abuse of process. This contention is not sustainable. We are inclined to agree with the trial court that, under the authority of *King* v. *Yarbray*, 136 *Ga.* 212 (71 S. E. 131) the petition alleges a cause of action for malicious abuse of legal process in that it alleges that the defendant "knowingly and maliciously perverted the process of garnishment for a purpose not intended by the law, i.e., to procure the funds of another than defendant in fi. fa." If, however, the action is not literally and technically one for malicious abuse of process in that the plaintiff, whose wages were seized and withheld by the process of garnishment, was not the person against whom the judgment was obtained (in which connection see *Williams* v. *Inman*, 1 *Ga. App.* 321, 325, 57 S. E. 1009) he would still have a right of action in damages for the trespass. *Duncan* v. *Ellis*, 63 *Ga. App.* 687 (2) (11 S. E. 2d 841); *Baldwin* v. *Davis*, 188 *Ga.* 587 (1 e) (4 S. E. 2d 458); *Fulton Grocery Co.* v. *Maddox*, 111 *Ga.* 260, 265 (36 S. E. 647). In the latter case, at page 265, it is stated: "Where property of a person against whom no process has ever issued is seized, such seizure, followed by actual damages to the owner of the property, will give a right of action." It cannot be seriously

contended that there was no seizure of the plaintiff's wages in this case, since the employer was compelled by the summons of garnishment to withhold them from him so that, whether or not they were actually paid into court, or paid over to the defendant corporation which was the plaintiff in the original suit, he was effectively deprived of them by means of the court process employed by the corporation. Considered as a trespass, the petition would also state a cause of action for punitive damages under Code § 105-2002. Accordingly, except for the deficiencies pointed out in the first division of this opinion, the petition would have been good as against general demurrer.

The trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*