## 37433. PROGRESSIVE LIFE INSURANCE COMPANY *et al. v.* DOSTER.

642

DECIDED NOVEMBER 13, 1958.

*Bird & Howell, Trammell E. Vickery, Frank W. Bell,* for plaintiffs in error.

*Eva Sloan, Miller, Miller & Miller, Wallace Miller, Jr.,* contra.

TOWNSEND, Judge. ■ Special demurrers 1, 2 and 3 to count 1 attack as conclusions the allegations that the acts of each of the individual defendants were "within the scope of his employment with said defendant corporation and in prosecution of the business of said corporation." Such an allegation is not subject to demurrer. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (3) (58 S. E. 2d 559).

■ The allegation in paragraph 12 of count 1 that "petitioner was discharged for the reason of making a vacancy for the nephew of said defendant Roberts, and after the discharge of petitioner said nephew was placed in petitioner's former position with defendant corporation" constitutes matter of inducement and is accordingly not absolutely irrelevant and subject to be stricken. *Rhodes* v. *Industrial Finance Corp.*, 64 *Ga. App.* 549 (13 S. E. 2d 883).

■ Special demurrers 6, 7 and 8 challenge the allegations of paragraphs 14 and 15 of count 1 to the effect that Craighead, president of the corporation, contended that petitioner was indebted to it and that the contention was made to bluff and frighten the plaintiff from pursuing a claim for money which he contended the corporation owed him; that he informed the plaintiff that, if he did not pay the money, the corporation would "proceed according to our usual method;" that by this he meant it would cause the plaintiff to be falsely charged and prosecuted for a criminal offense, this being the usual method, custom and practice of the corporation in such matters. The purpose of innuendo in pleading is, where an expression is ambiguous, to allege the meaning intended by the speaker and understood by the listener. *Kaplan* v. *Edmondson*, 68 *Ga. App.* 151 (22 S. E. 2d 343). Where the words spoken may support the meaning alleged, the allegation is not subject to demurrer. Likewise, when the plaintiff alleges that the defendant did a certain thing and it becomes important to show the motive for such action, the plaintiff may ordinarily allege, without rendering the petition subject to demurrer, the intention of the defendant in so doing. *Langston* v. *Langston*, 42 *Ga. App.* 412 (156 S. E. 469). These demurrers are without merit.

■ Special demurrers 9 through 13 and 17 through 20 are directed to allegations of count 1 that, when the plaintiff refused to withdraw his claim, the defendant Roberts maliciously and without probable cause had a warrant sworn out charging the plaintiff with embezzlement of corporation funds; that the defendant Cooper then falsely, maliciously and without probable cause testified to accusations against the plaintiff which resulted in a bill of indictment being returned, and that at the trial both Roberts and Cooper falsely, maliciously and without probable cause testified regarding "facts accusing petitioner of embezzlement and fraudulent conversion" of corporate funds, and that these acts were wilful, wanton, malicious, and caused him great damage, humiliation and embarrassment, public ridicule, scandal and infamy. The demurrers raise the question as to whether sufficient facts are pleaded to support a charge of malice and lack of probable cause, for, if not, these allegations are mere conclusions and should be stricken. *Wilcoxan* v. *Equitable Loan Co.*, 48 *Ga. App.* 250 (172 S. E. 682). However, other allegations of the petition show the following facts: that the plaintiff was not indebted to the defendant corporation; that it was a usual practice of the defendants to intimidate employees by threats of criminal prosecution into not making claims; that these defendants did not bona fide claim the defendant had stolen corporate funds but used this as a pretext to arrive at their true objective—silencing this plaintiff; that the sworn statements made by them in the affidavit of arrest, before the grand jury, and on the trial were untrue and in pursuance of an illegal objective; and that the plaintiff was acquitted on the trial of the case. Under these circumstances the characterization of the acts as wilful, wanton, malicious, without probable cause, and so forth are sufficiently supported by statements of fact so as not to render them demurrable as mere conclusions. *Interstate Life & Accident Co.* v. *Brewer*, 56 *Ga. App.* 599 (193 S. E. 458). A total want of probable cause is a circumstance from which malice may be inferred. Code § 105-804. These demurrers are without merit.

■ Special demurrer 16 challenges as argumentative and a conclusion the statement in count 1 that the defendant corpora-

tion "was financially interested in the outcome of said criminal charge, as aforesaid, for upon a verdict of guilty, such corporation would have a complete defense to the money demand of petitioner against it, and would have a basis for claiming petitioner obligated to such corporation in the sum of $1,096, or other large sum, as falsely and maliciously set forth in said indictment." The statement in this paragraph is in part inaccurate since the conviction of the plaintiff on a criminal trial would not ipso facto provide the corporation with a complete defense to the plaintiff's claim that the corporation owed him money. Such a conviction would, however, further its financial interest to the extent that on such a trial proof of a felony conviction would be admissible to impeach the plaintiff as a witness in his own behalf, and it is also true that if the plaintiff were convicted of stealing the corporate funds, the corporation would naturally "have a basis for claiming petitioner obligated" to it as a matter of fact. Since a special demurrer must itself be perfect, and since a part of the paragraph demurred to was not subject to the objection urged, there was no error in overruling the demurrer to the whole of paragraph 25.

■ The demurrers to paragraph 23 of count 1 which alleges that "the acts and doings of said individual defendants were the acts and doings of said defendant corporation" and paragraph 24 which alleges that "the defendant corporation ratified and confirmed the acts of said individual defendants for and on its behalf" are considered in connection with the general demurrer to count 1. In *Auld* v. *Colonial Stores*, 76 *Ga. App.* 329 (4) (45 S. E. 2d 827) it was held: "Where the president and general manager of a corporation, whose business it is to collect bad checks for clients, is in charge of the business of the company and is vested with discretion as to the ways and means by which he shall proceed to make such collection, and frequently employs the method of swearing out criminal warrants against the makers of such checks as a part of the regular course of the business of his company in making collections and not in furtherance of his own business, the same is for the sole benefit of his company, and where such president and general manager makes affidavit in connection with such a check held

for collection by said company and carries on a criminal prosecution by signing the accusation, the corporation is bound by this conduct, because the corporation can act only through its agent, and will be held to have approved this general course of conduct on the part of its president and general manager." In the *Auld* case, Colonial Stores, Inc., the codefendant, turned the debt over for collection to a collecting agency, and it was held that the acts of the president and manager of the agency bound it but not the defendant Colonial Stores because "the authority conferred upon the agent to collect a debt does not imply authority to cause an arrest so as to render the principal liable in an action for malicious prosecution, in the absence of ratification or adoption of the agent's act" (headnote 5), and that "should we hold that Colonial Stores was responsible for the act of Merchants' Protective Association, it would be to hold that, when an authority to collect a debt is shown, the law will imply the authority to institute criminal prosecution against the debtor in case the debtor fails or refuses to pay." P. 339. The writer and another judge dissented from that part of the ruling on the ground that the facts of the case showed both agency and ratification as to the acts complained of. In *Huff* v. *Nat. Accident &c. Ins. Co.*, 58 *Ga. App.* 355 (198 S. E. 296), one judge dissenting, this court held that, where it was shown that an agent of a corporation maliciously prosecuted the plaintiff, the prosecution resulting from a disagreement connected with the business of the corporation and not personal to the agent, the wilful tort was committed in the scope of the agent's employment so as to bind his principal. The present case is stronger than either of those cited in that two of the three agents of the corporation involved are alleged to be the president and area manager of the company, presumptively acting as its alter ego and in charge of its general policies, with much greater authority and power to bind it by their acts than an ordinary employee. Secondly, it is shown that this corporation, with full knowledge through these officers of the situation, ratified their acts by employing counsel to help prosecute the case. If the entire prosecution was false and without probable cause, this fact was necessarily known to the corporate entity in that it was

instigated by the president and area manager of such entity, and the fact that money was not spent for counsel fees until after a true bill was returned must be deemed a ratification of the entire proceeding, not just of the jury trial. The plaintiff in error also relies on *King* v. *Citizens Bank of DeKalb*, 88 *Ga. App.* 40, 47 (76 S. E. 2d 86), which case, citing *Davison-Paxon Co.* v. *Norton*, 69 *Ga. App.* 77, 80 (24 S. E. 2d 723), states that, "The principal is liable in a proper case for malicious prosecution where the same is conducted by the agent in furtherance of the business of the principal and within the scope of the agent's authority," but holds that a bank joined as codefendant in an action for malicious prosecution is not liable merely because its vice-president wrote to the prosecutor a letter from which the prosecutor inferred that the plaintiff was defrauding him (the letter not making such accusation) or because the vice-president gave false testimony on the criminal trial as to the facts of a rebate, and the apparent reason for the conclusion is that "there was no benefit or profit to be gained by the bank from the act of Sams, its executive vice-president." The allegations here, which substantially show that a conviction of the plaintiff would have aided the corporation's financial position in regard to the plaintiff's claim; that it actively assisted in the prosecution by employing counsel, and that all the acts in connection with the prosecution were performed by its president, area manager and superintendent of agencies for the State, are sufficient to make a jury question in count 1 of the petition as to the liability of the defendant corporation, and, of course, the individual defendants also.

■ What has been said in regard to the special demurrers directed to paragraphs of count 1 of the petition is equally applicable to count 2. The remaining special demurrer to the prayer, which complains of the language "that petitioner have and recover of said defendants, jointly and severally, the sum of $64,500" because it is not alleged how the sum was arrived at or what portions thereof are allocated to general, special and punitive damages, is without merit. Code § 105-808 provides, as to actions for malicious prosecution: "The recovery shall not be confined to the actual damage sustained by the

accused, but shall be regulated by the circumstances of each case."

■ Count 2 differs from count 1 only in that it is alleged that all the defendants were coconspirators, that they combined and conspired to fire and discharge the plaintiff and to defraud him of moneys due him by the corporation and, if the plaintiff was not thereby intimidated, to falsely charge and prosecute him for embezzling company funds. As stated in *King* v. *Citizens Bank of DeKalb*, 88 *Ga. App.* 40, 44, supra, "The gist of the action is not the conspiracy, but the tortious act perpetrated, and the damage flowing therefrom." If no cause of action were otherwise alleged, the addition of allegations concerning conspiracy would not make one, but, there being a cause of action alleged, the fact of conspiracy, if proved, serves to make the act of each coconspirator the act of all. That conspiracy was properly pleaded, see *Young* v. *Wilson*, 183 *Ga.* 59 (187 S. E. 44); *Horton* v. *Johnson*, 187 *Ga.* 9 (5) (199 S. E. 226); *Floyd* v. *Morgan*, 62 *Ga. App.* 711 (3) (9 S. E. 2d 717).

■ In view of what has been said, the petition states a cause of action as to both counts, and the general demurrers are accordingly without merit.

The trial court did not err in overruling the demurrers both general and special to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J. concur.*