## ANDERSON *vs.* KELLER.

1. In a suit for malicious prosecution the record of the arrest, trial and discharge before the commiting court, which form the basis of the suit, is admissible; but reasons given by the magistrate for granting the discharge are not admissible in evidence.
2. The interrogatories rejected in this case were objectionable as being leading, asking the conclusions of a witness, and seeking secondary evidence.
3. Answers of a witness to interrogatories cannot be used where the plaintiff was present at their execution.
4. In an action for malicious prosecution, the absence of probable cause and existence of malice are questions for the decision of the jury; the judge should leave them to pass upon these questions and not do so himself by granting a non-suit.

Evidence. Interrogatories. Witness. Non-suit. Malicious Prosecution.    Before Judge FLEMING.    McIntosh Superior Court.    May Term, 1881.

To the report contained in the decision, it is necessary to add only the following interrogatories, propounded to C. C. Anderson, and ruled upon as leading, or otherwise illegal:

3d Interrogatory—If you answer that you were in Darien at any time within the time mentioned in interrogatory 2nd, then state if you did or not go to defendant's store? If yea, then say why you went there, what for, and at whose instance? Did you see Keller in the store? Who else did you see there? Did you or not obtain any money and goods from any one in the store? If yea, from whom, and how much? Did you borrow any money

or goods from Keller to pay Henry Scott or any one, at the same time promising in return, to repay as soon as you sold your timber, and that you would trade with him?

4th Interrogatory—Did you or not get some money and some goods from C. C. Gordon? If yea, how much of each? Was or not the money and goods given you in payment of a debt due you by Gordon?

5th Interrogatory—Since that time have you or not been arrested by a warrant, which issued upon the affidavit of Philip Keller, charging and accusing you of obtaining goods and money under false pretences? If yea, were you discharged, or committed to answer before the superior court of McIntosh county?

6th Interrogatory—Before what officer were you prosecuted? Why were you discharged? Did Keller have any grounds whatever for having you arrested? Was it or not a wanton and malicious prosecution to extort money out of you?

8th Interrogatory—Did or did not your character and reputation suffer damage by reason of the charge of being a cheat and swindler, and from being under arrest in Darien, among your friends and acquaintances, and men with whom you had previously done business? If yea, how much were you thus damaged, and in what way? Answer specifically.

10th Interrogatory—To defendant's charge brought against you, did you or not have counsel employed to vindicate your name by bringing this suit? If yea, did you pay him anything, and how much? And how much have you promised for this suit?

11th Interrogatory—Has your name been entirely cleared from the imputation of being a cheat and swindler among your friends, acquaintances, and among business men?

W. A. WAY; TOMPKINS & DENMARK, by S. B. ADAMS, for plaintiff in error.

v 67—5

LESTER & RAVENEL, by CHISHOLM & ERWIN, for defendant.

CRAWFORD, Justice.

This was an action on the case for damages for a mali-cious prosecution, brought by the plaintiff in error against the defendant, for suing out a warrant charging him with the offence of cheating and swindling.

During the trial of the case, the plaintiff excepted to the rulings of the court rejecting the judgment of the magistrate at the preliminary trial, in so far as the reasons given therefor appeared in said judgment, in ruling out certain answers of C. C. Anderson, and in suppressing the interrogatories of C. C. Gordon, one of his witnesses. The testimony of the plaintiff having been submitted, a motion for a non-suit was made, which the court granted, and the plaintiff again excepted.

1. The record discloses the fact to be, that after the introduction of the affidavit, warrant, arrest and bond in the criminal prosecution against the plaintiff, the judge excluded the indorsement of the magistrate discharging the prisoner, to the extent of the reasons given therefor by the magistrate; these reasons being that there was no evidence going to show probable cause to suspect the guilt of the accused. There was no error in so ruling.

The question upon this trial was malice and the want of probable cause. The judgment of the magistrate discharging the plaintiff was admissible, but any reason given for that judgment should not have been admitted as evidence in this case. The plaintiff was entitled to its legal effect, but nothing more.

2. The second assignment of error is the ruling out the answers to certain interrogatories of C. C. Anderson, because the questions were illegal. An examination of the interrogatories ruled upon as leading and otherwise illegal, shows them to be obnoxious to the objection made, and should be re-executed, asking no question suggestive

of the answer, nor any about which there is higher and better evidence. The conclusion of a witness is not the way to prove a fact, and questions seeking to prove a conclusion should be avoided or ruled out.

3. The third ground of error is the suppressing the interrogatories of witness, Gordon, because of the presence of the plaintiff when they were executed. Under §3884 of the Code they were properly rejected.

4. The last question made by the record is as to the error of the judge in awarding a non-suit. The testimony shows that the plaintiff was charged upon the affidavit of the defendant with cheating and swindling; that he was arrested under a criminal warrant; held for preliminary trial; was tried and discharged, the evidence showing that he was not the man who got the goods, the defendant testifying that the affidavit which he had made for the plaintiff's arrest was true, and making other statements as to the false representations of the plaintiff to him touching this transaction. It is true that it also appeared that the defendant had been advised by an attorney at law that the warrant would lie, but even if the whole proceeding had been without malice and with probable cause in the opinion of the judge, yet he should have sent it to the jury for them to pass upon it, and by their verdict to say whether that was true or not.

Judgment reversed.