### 45629.   BAIRD v. COLLIER.

WHITMAN, Judge. William F. Collier brought an action against Laurette Baird, d/b/a Curley's Grocery, for damages for malicious prosecution. The jury found for Collier and awarded him damages. The appellant's only enumeration of error is that the trial court erred in denying her motion for new trial. *Held:*

The motion for new trial, containing the general grounds only, raises the question of whether there is any evidence to support the verdict.

It appears from the evidence that Collier was in the practice of cashing his weekly pay checks from C. & T. Masonry Contractors (Carl Hayes) at the defendant's grocery store. Sometime during December, 1966, two of these checks which Mrs. Baird held were dishonored when presented for payment. The evidence shows that on January 21, 1967, Mrs. Baird swore out a warrant for the arrest of Collier, averring that he had committed the offense of cheating and swindling. After the warrant was sworn to, but before it was executed, Collier's attorney, and Carl Hayes, who was Collier's employer and who had drawn the bad checks, met with Mrs. Baird regarding the checks she held. Hayes settled the matter with her, together with a check of a third person held by her, for $150 cash and a secured note for the balance, and the warrant against Collier was not executed.

It then appears that about five weeks later Mrs. Baird swore out another warrant for the arrest of Collier again for cheating and swindling. Collier was arrested and held in detention for 24 hours and then released on bond. A commitment hearing was held and, after hearing evidence, the court dismissed the case against Collier. The second warrant related to a December, 1966, payroll check of C. & T. Masonry Contractors for $50

drawn by Carl Hayes and payable to one Luther Thomas. It was endorsed by Thomas and also endorsed by Collier so that Mrs. Baird would cash it, which she did, and the proceeds were delivered by Collier to Thomas. Mrs. Baird endorsed the check to "Flash" Enterprises of East Point, Ga. from whom she regularly purchased merchandise. The check shows it was dishonored on December 30, 1966. Mrs. Baird testified that "Flash" Enterprises called upon her to make the check good, and that she did. She maintained that this check had not come back to her hands and was not among those which had been included in the previously mentioned bad check settlement with Hayes.

Regarding the warrant, Mrs. Baird testified that she had given the following testimony in the case previously by deposition: "I had no other reason to take out a warrant for Willie, other than to get my money. . . I took out the warrants solely to get my money. I did not want anyone arrested, all I wanted was my hard earned money. . . I was aware of the fact he might [be arrested]."

*Code* § 105-801 provides: "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action."

Collier would certainly be civilly liable on the check in the capacity in which he indorsed it, but the mere fact that Collier had indorsed a payroll check drawn by his employer at that point in time is not evidence of criminal intent. In our view the jury was authorized to believe from the evidence and from Mrs. Baird's own testimony that Mrs. Baird had no ground to cause a criminal proceeding against Collier. The jury was authorized to infer malice. *Code* § 105-804.

The jury's verdict and the judgment thereon are supported by the evidence and there was no error in overruling the motion for new trial.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 9, 1970—DECIDED FEBRUARY 8, 1971.

*S. Stonecypher,* for appellant.
*Baker & Bailey, Kirby G. Bailey,* for appellee.