## 54670. SMITH v. GREENE.

McMurray, Judge.

This case involves a rear-end collision occurring on Interstate 85 in DeKalb County, Georgia, in which three

automobiles collided, two of them being hit from the rear. The individuals here involved differ as to whether there was more than one collision of the automobiles.

Gregory D. Greene, the driver of the middle car in a line of three, sued the driver of the rear car, Walter Post Smith, Jr., for negligence in the operation of his vehicle in hitting plaintiff's automobile in the rear causing it to collide with the car in front of him. Greene alleges that serious painful and permanent injury occurred to him, and he seeks $35,000 in damages. Defendant, in addition to other defenses, denied the averments of the complaint. After discovery, a trial was held resulting in a verdict for plaintiff for $14,500. Defendant's motion for new trial, as amended, was denied, and he appeals. *Held:*

1. Error is enumerated first to the excessiveness of the verdict as justifying the inference of prejudice, bias or gross mistake. The argument is based on the apparent low amount of medical expenses allegedly proven as opposed to the size of the verdict. However, there was evidence of pain and suffering, lost time from work, property damage to the automobile, and permanent injury resulting in the loss of his position of employment. The verdict being merely for one lump sum, we have no way to determine the basis that the jury used in determining its verdict. There was no direct proof of prejudice or bias. The verdict will not be set aside under the circumstances in the light of the totality of the evidence of injury determined by the jury. See *Realty Bond &c. Co. v. Harley,* 19 Ga. App. 186 (2), 187 (91 SE 254); *National Trailer Convoy, Inc. v. Sutton,* 136 Ga. App. 760, 763-764 (222 SE2d 98). The law fixes no measure of damages for pain and suffering except the enlightened conscience of impartial jurors, absent plain proof the verdict was based on prejudice or bias. See p. 764, *National Trailer* case, supra; *City of Rome v. Davis,* 9 Ga. App. 62, 67 (70 SE 594).

Defendant also argues that the plaintiff improperly introduced as a part of the res gestae, an admission by defendant to plaintiff that it was his (the defendant's) fault, he was driving a rented car and was covered by some insurance, and "that he was sorry." On motion for mistrial the phrase, "with reference to insurance," was ordered stricken, and the jury ordered not to consider it and to

forget all about the fact that he said it. The motion for mistrial was properly denied (see *Goldstein v. Johnson,* 64 Ga. App. 31, 36 (12 SE2d 92); and *Wade v. Drinkard,* 76 Ga. App. 159, 163 (45 SE2d 231)), as this was an admission against interest and a part of the res gestae. This evidence, although stricken, was insufficient to infer or create a finding of prejudice and bias or gross mistake. This enumeration of error is not meritorious.

2. The next enumeration of error complains of the court's refusal to permit the defendant to cross examine the plaintiff relative to an "automobile accident" subsequent to the occurrence of the one sued upon. Counsel for plaintiff objected to the questioning with reference to other automobile incidents (sometimes called "accidents") in which the plaintiff was involved occurring since the collision in which he was allegedly injured, on the theory that defendant could not establish same under the "other transactions rule," that is, the sole function of the jury here was to determine the injuries to the plaintiff in this collision, how much he was injured, and the cause of the collision. His objection was sustained, although the court advised counsel for defendant that he might "go into any alleged pain and suffering or physical injuries that he may or may not have received in any other collision but the circumstances of the collision and so forth as to his negligence" was not here involved. Whereupon, he was allowed to examine the plaintiff as to whether he had any pain and suffering resulting from any automobile incidents in which he was involved since the date of this particular collision. In response to this line of cross examination the plaintiff testified he had not had any pain and suffering resulting from any accidents after the date of the collision in question. Counsel for the defendant then requested that he be allowed to perfect the record, and he was allowed to do so later on in the day after the jury was released on recess.

Certain parts of a cross examination of a doctor were read by defense counsel and entered into the record, counsel for defendant contending it was erroneously excluded and that such testimony is what the evidence would have shown had it been presented to the jury. The plaintiff was then recalled for perfection of the record to

state that he had four accidents since the original here sued upon: January 11, 1976, the damages were superficial; probably one in 1975, involving merely property damage to the automobile; July, 1976, due to hydroplaning in which the vehicle collided with a guard rail; and probably another in 1975, but the witness was definitely unsure of the time. The witness stated that all of these incidents involved merely property damage and no personal injury. He then testified with reference to a strained back on the job but that he had not filed a claim for workmen's compensation benefits, that his normal salary was paid while he was out of work, "as a result of reaggravating the injury that . . . [was] sustained September 23, 1974" (that is, the date of the collision which this litigation involves).

The general rule in a suit for negligence is that evidence of similar acts or omissions on other and different occasions is not admissible. *Gahring v. Barron,* 108 Ga. App. 530 (2), 532 (133 SE2d 389) and cits. Such general questions involving other incidents are not allowed for they obviously are for the avowed purpose of convincing the jury of the plaintiff's ineptness in handling a vehicle, rather than to produce evidence that he was in fact injured in other collisions. None of the disallowed evidence (which did not go to the jury but is here for consideration as the defendant perfected the record) amounted to any showing that the plaintiff had been hurt in any of the four incidents in which he was involved. The court did not err in refusing to permit defendant to cross examine the plaintiff "relative to accidents subsequent to the occurrence sued upon," there being no evidence of any injury occurring to him as the result thereof.

3. The next enumeration of error involves the disallowance of certain portions of defendant's cross examination of a medical doctor with reference to the letter he had received from an insurance company which advised the doctor that the plaintiff had been involved in an automobile incident the same day he was hurt on the job which did not involve a claim for workmen's compensation benefits, albeit the doctor later reimbursed plaintiff for the medical treatment upon

receipt of insurance money, all of which has been read into the record, although not in evidence with reference to the claim of error shown in Division 2 above. The plaintiff's workmen's compensation Form 16 with information that he received $95 per week blocked out was allowed in evidence for the limited purpose of impeachment, but the court excluded a letter that somebody had written the doctor about the workmen's compensation claim because of the hearsay rule. The doctor was allowed to testify in which he stated that he was treating the patient for something that occurred before and that after he learned of the accident some five days before he had seen the patient his diagnosis as to his condition was the same. However, the court excluded a question asked of the doctor that the workmen's compensation carrier would not have paid him his bill if it had been related to something other than his accident he suffered on the job in that the doctor's answer, "I would assume that that is a correct assumption," amounted to a legal conclusion. The enumeration of error is that he erred in disallowing certain portions of the defendant's cross examination of the doctor, and it is clear here that none of the testimony excluded and not allowed in evidence amounts to reversible error. There is no merit in this complaint.

4. The next enumeration of error is concerned with objection to the plaintiff's hypothetical question as to another doctor who was testifying. Defendant contends that while the question was voluminous as to all the pertinent facts, yet it failed to include the fact that the plaintiff had suffered a back strain in the course of employment which the plaintiff contended was merely an aggravation of his pre-existing condition. Examination of the objection made to the hypothetical question at the trial discloses the same was to the form of the question that counsel had included his legal opinion as to the injuries found rather than asking the doctor if what he found could have been or if he had an opinion as to whether they were caused by an accident. This objection was overruled. The objection as made is that it "states facts not in evidence and includes facts which are incorrect." It also allegedly "states conclusions, legal opinions." The objection now is that it "omitted pertinent

facts which should have been considered," that is, there had been an aggravation of his pre-existing injury and a claim for workmen's compensation. This doctor had not been involved with such information. There is no merit in this complaint since the argument made on this point is totally different from that made in the objection during the trial. The objection argued here was not raised in the trial court, and cannot be raised for the first time on appeal.

5. The last enumeration of error involved in this case is that the court erred in overruling defendant's objection to another hypothetical question asked on the deposition involving another doctor. The objection made to the hypothetical question was that (1) it is a leading question; (2) assumes facts not in evidence; (3) omits pertinent facts that are in evidence or will be in evidence and contains testimony that the patient was struck from the rear and knocked into an automobile in front of him when in fact there is other evidence that he collided with the automobile in front of him first; and that he had had another automobile accident the day that he allegedly injured his back on the job. Objection was overruled, and the witness promptly answered that, "this could be brought on by such a trauma." We cannot agree that in permitting the doctor to answer the hypothetical question omitting any reference whatever to the subsequent accident and injury, coupled with the exclusion of his testimony on cross examination that his fees were actually paid on account of the subsequent injury (on the job), that this was error. We cannot hold this was tantamount to directing a verdict in favor of the plaintiff inasmuch as the plaintiff had testified that the second injury merely aggravated the first. Plaintiff's answer that he was out of work during which period he received his regular salary as the result of a back strain that, "I was out as a result of reaggravating the injury that I sustained September 23, 1974," did not amount to a diagnosis of his condition by the witness. It is not true this may only be established by a physician as an expert witness and not by lay persons. Further, it was invited by counsel for defendant on cross examination. However, we note that this occurred during a period of time in which the plaintiff was recalled for perfection of

the record. We cannot agree with counsel that in allowing the doctor to answer the hypothetical question omitting any reference whatever to the subsequent on-the-job injury, coupled with exclusion of his testimony on cross examination that his fees were actually paid on account of the subsequent injury, was "tantamount to directing a verdict in favor of the Plaintiff that the second injury was in fact merely an aggravation of the first." There is no merit in this complaint.

*Judgment affirmed. Smith, J., concurs. Bell, C. J., concurs in the judgment only.*

SUBMITTED OCTOBER 3, 1977 — DECIDED JANUARY 30, 1978 — REHEARING DENIED FEBRUARY 8, 1978 — 

*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellant.

*Nick Long,* for appellee.