## 56855. BI-LO, INC. v. STANCIEL.

BELL, Chief Judge.

This is a suit for malicious prosecution which arose out of defendant's causing the arrest of plaintiff pursuant to warrant for the crime of issuing and uttering a worthless check. A jury returned a verdict for plaintiff and judgment was entered. *Held:*

1. The court denied defendant's motion for directed verdict. The essential elements of this tort are: "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." Code § 105-801. Defendant contends that the evidence demands the conclusion that defendant had probable cause to prosecute plaintiff for the crime of issuing and uttering a worthless check. The following material facts are not disputed. On January 4, 1977, the defendant through one of its employees cashed a check which was purportedly written and presented by plaintiff. The drawee bank refused payment because the account had been closed. The check was a forgery. Plaintiff's blank checks from this bank had been stolen previously and after the account had been closed. There is, however, no evidence that defendant had any knowledge that plaintiff's signature on the check was forged *at the time* it was accepted by defendant. On January 7, 1977, defendant was advised by plaintiff's wife during a phone conversation that plaintiff had not written the check. Later, one of defendant's employees attempted to reach plaintiff via phone but was unsuccessful as it was learned that plaintiff had obtained a private number. On January 12, 1977, a letter was also dispatched via certified mail by defendant to plaintiff asking that the check be redeemed but was returned unclaimed around February 12, 1977. On February 17, 1977, based on the affidavit of an employee of defendant, a warrant for the arrest of plaintiff was issued. On

February 24, 1977, plaintiff's wife personally visited defendant's store and established that the check was forged. A subordinate of defendant called the sheriff's office and requested that the unexecuted warrant for plaintiff's arrest be held. On March 3, 1977, plaintiff's wife was arrested on another forged check. Plaintiff while attempting to obtain her release by posting bail was then arrested on the warrant in this case. After effecting his own release on bond, plaintiff again visited defendant's store and one of defendant's employees then caused the warrant to be dismissed. One of defendant's employees testified that it was defendant's policy to collect bad checks by causing the issuance of criminal warrants against the person writing the check. This evidence raised an issue of fact for jury resolution on the question of lack of probable cause and malice. The evidence that defendant was placed on notice that plaintiff may not have written the check prior to the issuance of the warrant raised a jury question as to whether a reasonably prudent person would have made further inquiry before prosecuting. *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205 (163 SE2d 256). The testimony that it was defendant's policy to issue criminal process to collect its money on bad checks is also some evidence of lack of probable cause as well as malice. *Baird v. Collier,* 123 Ga. App. 276 (180 SE2d 577). The evidence did not demand a verdict for defendant and the trial court correctly denied the motion.

2. The court properly charged that a misdemeanor case in Georgia cannot be dismissed without an order of court. Defendant did not except to this charge, but did object to the instruction that ignorance of the law is no excuse. Defendant's agents testified that they initially attempted to dismiss the warrant by telephoning the sheriff's department and assumed this would be sufficient. Defendant asserted this action as a defense in its answer, claiming that the failure to dismiss was the fault of the sheriff's department. This defense raised the issue of ignorance of the law. The charge given was correct and applicable to the facts and issues in this case.

3. Neither did the court err in charging the jury that: "In considering the question as to whether there was

malice and want of probable cause on the part of the defendant you may consider all of the circumstances surrounding the misdemeanor criminal action taken against the plaintiff whether such circumstances occurred before or after the taking of the misdemeanor warrant against the plaintiff." Although there must be malice and want of probable cause at the inception of the action, all of the circumstances surrounding the original action, whether occurring before or after its initiation, may be used to support reasonable inferences that malice or want of probable cause existed from the beginning. *Johnson v. Monumental Properties,* 141 Ga. App. 151 (232 SE2d 644).

4. After the charge to the jury, the foreman sent a note to the court stating that: "It has come to light that last night one juror looked up references in a text of law. What bearing does this have on the case?" Thereafter, the court had the jury brought back, and the judge instructed that: "You get your law from the court and instructions that were given you in charge. Any information, as I told you yesterday, that you gain outside of the courtroom is not a part of the trial of the case and should not be in any way used by you in deciding this case . . . does that answer your question, Mr. Foreman?" The foreman responded affirmatively and the court continued, ". . . If there is any question of law that you wish to be instructed about if you will let the Court know I will be glad to instruct you again as to the law of the case." Defendant did not request the court to make any inquiry as to which juror had conducted the legal research, as to the subject matter of that research, or as to whether there had been any discussion of that point among the jurors and the nature and extent of that discussion. Therefore, although counsel for defendant moved for a mistrial, he failed to ask any corrective action of the court, and as the subject matter of the research remains unknown, defendant has failed to demonstrate any harm or prejudice. See *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840 (244 SE2d 905). The court did not abuse its discretion in denying defendant's motion for a mistrial.

5. The evidence authorized the verdict.

*Judgment affirmed. Shulman and Birdsong, JJ.,*

*concur.*

SUBMITTED OCTOBER 30, 1978 — DECIDED JANUARY 5, 1979.

*Fulcher, Hagler, Harper & Reed, James Walker Harper,* for appellant.
*Jay M. Sawilowsky,* for appellee.