## 57389. WILBORN v. ELLIOTT et al.

DEEN, Chief Judge.

1. To sustain an action for malicious prosecution, the burden is on the plaintiff to prove that the prosecution was for a criminal offense, under a valid warrant, that it was instituted maliciously and without probable cause, that it terminated in favor of the plaintiff, and that the latter was damaged. *Ellis v. Knowles,* 90 Ga. App. 40 (81 SE2d 884) (1954).

2. "Malice sufficient to sustain a recovery may be

inferred from want of probable cause, but the want of such cause may never be inferred from malice . . . It is perfectly consistent that one who really had no desire to injure should believe honestly that certain facts known to him established the guilt of another; if he did so in good faith and had reasons for such faith, there might exist probable cause, although in fact the circumstances did not fix the guilt of the accused. *In all such cases, however, the jury shall determine the existence or want of probable cause. Hicks v. Brantley,* 102 Ga. 264, 268 et seq. (29 SE 459)." *Bailey v. Century Fin. Co.,* 118 Ga. App. 90 (162 SE2d 835) (1968). And see Code §§ 105-802, 105-804.

3. Proof that a criminal arrest warrant was dismissed, nothing more appearing, is a sufficient basis for an action for malicious prosecution, insofar as it constitutes a showing that the action terminated favorably to the plaintiff, but this is always subject to the right of the defendant to show that the prosecution has not in fact ended. *Ayala v. Sherrer,* 234 Ga. 112 (214 SE2d 548) (1975).

4. "In an action for malicious prosecution the plaintiff is not restricted to actual damages but may recover such damages as are authorized under all the circumstances in the case." *Progressive Life Ins. Co. v. Doster,* 98 Ga. App. 641 (7) (106 SE2d 307) (1958); Code § 105-808. There is thus no necessity for proving any exact amount of monetary loss.

5. Applying the foregoing law to the facts of this case, it appears that a jury question was presented as to each of the five elements which constitute the gravamen of the tort, and that it was error for the trial court to direct a verdict in favor of the defendant. It is true that many of the facts of the case are uncontroverted, and from these facts it may be taken as true that Wilborn, the plaintiff, stopped at a service station managed by the defendant Elliott, went to the self service pump, put exactly $5 worth of gasoline in his automobile tank, and offered Elliott either four $1 bills (Elliott's testimony) or the four bills plus the change in his change purse which totaled 97 cents (Wilborn's testimony). Elliott refused this tender. He was offered a $50 bill and also refused that on the ground he did not have change. (Elliott's testimony was that he

merely instructed Wilborn to wait until he collected from other customers enough money to make the change.) Wilborn then said he might be able to get the money from his mother and drove off. Elliott wrote down the license number and reported the incident to the police. Shortly thereafter Wilborn in fact returned with a $10 bill. Wilborn's testimony is that Elliott refused the $10 and refused to give him change, but merely stated that the bill was $5, and then turned around and began to place a telephone call. Elliott's testimony, to the contrary, was that Wilborn returned about 20 minutes after first leaving, saw him dialing the telephone, and called out, "Don't call nobody" and put down a $10 bill; then, when he saw that Elliott kept on dialing, he left again taking the bill with him. Following this there is disputed evidence as to whether the plaintiff had to leave the state on business, but the following day he returned, went with a friend to the police station, and offered to pay the $5 bill, stating that the man at the station had refused it. He was arrested at the time and released on bail. The case was eventually dismissed by the Justice of the Peace who had signed the arrest warrant, but whether or nor any evidence was taken at the hearing is not evident from this record.

Verdicts can only be directed when there is no conflict as to any material issue, and the verdict directed is demanded by the evidence and all reasonable deductions that may be made therefrom. Code § 81A-150 (a). Here the issues of both probable cause and malice are disputed at least to the extent that a jury question is posed under conflicting evidence of what was said and done between the parties. We also agree with the appellant that unless further evidence is offered on a retrial we must assume that the criminal case was in fact terminated favorably to the plaintiff, and also that if the case is otherwise proved the amount of actual pecuniary damages need not to be shown.

*Judgment reversed and remanded for a new trial. McMurray and Shulman, JJ., concur.*

SUBMITTED MARCH 7, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 30, 1979 — ▮▮▮▮▮▮▮▮▮▮

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Charles B. Haygood, Jones, Cork, Miller & Benton, H. Jerome Strickland,* for appellees.