## 59488. SIMMONS v. EDGE.

McMurray, Presiding Judge.

On July 8, 1977, Simmons operated a private security agency known as Checker Security Service, providing after-hours security for the City of Alto in Habersham County, Georgia. One of the businesses in the city had difficulties with vandals and had erected a sign that there would be no automobiles left on the premises after 8:00 p.m. unattended. One of Simmons' security officers had a particular problem with one individual whom he had advised on several occasions to leave the premises. The officer requested identification of this individual but was refused. Whereupon the officer took the tag number of the automobile along with the year and make and reported the same to his employer. It was determined that the automobile was registered in the name of Eddie Lamar Edge. Simmons swore out a warrant for the offense of criminal trespass. At a commitment hearing held subsequent to the issuance of the warrant the charges against Edge were dismissed, Simmons paying the court costs after a finding that there was no probable cause.

Eddie Lamar Edge, as plaintiff, sued Simmons, d/b/a Checker Security Service, and Keith Springer, seeking actual damages in the amount of $2,000 for malicious prosecution of criminal trespass arising out of his arrest and incarceration, posting a bond, and employing an attorney to defend the groundless action. He also sought general, aggravated and punitive damages because of the wilful, negligent and malicious misconduct of the defendants which resulted in his extreme embarrassment, mental suffering, invasion of privacy and loss of his reputation in the community in the amount of $10,000 and for reasonable attorney fees for having to maintain this action. Defendants answered, contending they had a probable cause for the issuance of the warrant and that the complaint against them should be dismissed as a matter of law, admitting, however, jurisdiction, and having caused the warrant to be taken out charging the plaintiff with the offense of criminal trespass.

After discovery and the denial of a motion for summary judgment, the case proceeded to trial, at which time Springer was eliminated from the case. The jury returned a verdict in favor of the plaintiff in the amount of $4,500 against "Checker Security Service," "Jerry Simmons, Agent." Whereupon judgment was entered against Jerry Simmons in the amount of $4,500 plus court costs. A motion for new trial was filed as well as a motion for judgment notwithstanding the verdict. After a hearing, both motions were denied, and the defendant appeals. *Held:*

1. A criminal prosecution, maliciously carried on without any

probable cause whereby damage ensues to the person prosecuted shall give him a cause of action. Code § 105-801. In such cases the recovery shall not be confined to the actual damage sustained "but shall be regulated by the circumstances of each case." Code § 105-808. See also *Progressive Life Ins. Co. v. Doster,* 98 Ga. App. 641, 642 (7) (106 SE2d 307); *Wilborn v. Elliott,* 149 Ga. App. 541, 542 (4) (254 SE2d 755). In such cases there is no exact measure of damages "except the enlightened conscience of impartial jurors, and that the worldly circumstances of the parties and all the attendant facts should be weighed," except that if there be proof of expenses or loss of time the court should discriminate between the two types of damages and "should not [leave] the entire measure of damages to the unlimited discretion of the jury." *Coleman v. Allen,* 79 Ga. 637, 638 (5) (5 SE 204). See also *Wyatt v. Baker,* 41 Ga. App. 750, 757 (154 SE 816); *Gaddy v. Gilbert,* 140 Ga. App. 508, 509 (3) (231 SE2d 403). While there was proof of other elements of damages here, as well as instructions to the jury as to the measure of damages being the enlightened conscience of the jurors, no contention has been made that the court failed to advise the jury to discriminate between the two so as to have left the entire measure of damages to the unlimited discretion of the jury.

2. The court was authorized to charge the jury that in cases of this character there is no exact measure of damages. However, the court did discriminate between the actual damages by charging the jury that it was not restricted to actual damages "such as loss of time from work and attorney fees to defend the action," but that the plaintiff might recover such damages "as are authorized under all the circumstances in the case," instructing the jury that the jury was authorized "if you see fit, to award in addition to actual damages, punitive damages if the circumstances justify such damages." The court then proceeded to charge the substance of Code Ann. § 105-2002 with reference to aggravating circumstances, that is, punitive damages to deter the wrongdoer from repeating the trespass but did not charge the jury might allow compensation for the wounded feelings of the plaintiff, charging, however, that the measure of such damages is "your enlightened conscience as an impartial jury." The court then charged the substance of Code Ann. § 105-2003 that in some torts the entire injury is to the "peace, happiness, or feelings of the plaintiff. In such cases, no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." The court then proceeded to instruct the jury that if the entire injury to plaintiff should be to his peace, happiness,

or feelings, and the plaintiff should be entitled to recover on account of such injury, the only measure of damages is the enlightened conscience of fair and impartial jurors. The court again charged that in determining the amount of such damages the jury would consider "all the facts and circumstances of the case, as disclosed by the evidence, and fix such sum as you think would be reasonable and fair and just."

Based on *Westview Cemetery v. Blanchard,* 234 Ga. 540 (216 SE2d 776), the defendant contends the trial court erred in charging the substance of Code § 105-2003 as well as the substance of Code § 105-2002, in charging both damages to the peace, happiness and feelings of the plaintiff as well as the additional damages to deter the wrongdoer from repeating the trespass, thus allowing the recovery of double damages. However, the court was careful not to charge the alternative portion of Code § 105-2002 with reference to giving additional damages "as compensation for the wounded feelings of the plaintiff." These words would have allowed a double recovery for wounded feelings where recovery was also sought for injury "to the peace, happiness, or feelings" under Code § 105-2003. *Southern R. Co. v. Jordan,* 129 Ga. 665 (2), 667 (59 SE 802); *Franklin v. Evans,* 55 Ga. App. 177 (189 SE 722). These last two cases attempted to avoid the overlapping portions of the codification of the common law found in Code §§ 105-2002 and 105-2003.

But in *Westview Cemetery v. Blanchard,* 234 Ga. 540, 546, supra, the majority opinion of the Supreme Court has held that no damages are allowable under both Code §§ 105-2002 and 105-2003, inasmuch as any additional recovery under Code § 105-2002 where damages were allowable under Code § 105-2003 "would be a double recovery," even though the trial court endeavored to carefully leave out the language of Code § 105-2002 "as compensation for the wounded feelings of the plaintiff."

Defendant's first two enumerations of error have reference to these charges as given by the trial court as being erroneous. However, upon examination of the exceptions to the charge, we find that the defendant made no objection based upon *Westview Cemetery v. Blanchard,* 234 Ga. 540, supra, when given a suitable opportunity as required by Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). A party cannot ignore during a trial that which he thinks to be error or an injustice and take his chances on a favorable verdict and then complain later. *Keno v. Alside, Inc.,* 148 Ga. App. 549, 551 (3) (251 SE2d 793); *B & P Lumber Co. v. First Nat. Bank,* 147 Ga. App. 762, 765 (3) (250 SE2d 505); *Carraballo v. Buhler,* 238 Ga. 72 (230 SE2d 878).

Of course, under subsection (c) of Code Ann. § 70-207, supra,

this court is empowered to review instructions which are substantially and harmfully erroneous as a matter of law, that is, error that is blatantly apparent and prejudicial to the extent that it raises a question as to whether the losing party has to some extent at least been deprived of a fair trial because of it. See *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 100 (3) (150 SE2d 271). Examination of the record here does not disclose that an exorbitant amount was awarded in damages, and we cannot determine under the charges given that the jury awarded double damages. See *Patterson v. Duron Paints of Ga., Inc.,* 144 Ga. App. 123, 126 (3) (240 SE2d 603); *Nathan v. Duncan,* 113 Ga. App. 630, 631 (6), 638 (149 SE2d 383); *Durrett v. Farrar,* 130 Ga. App. 298, 305-306 (8) (203 SE2d 265).

To say the least, Code §§ 105-2002 and 105-2003, as stated in the dissent of Justice Hill, in *Westview Cemetery v. Blanchard,* 234 Ga. 540, 547, supra, "have long been the source of confusion." Nevertheless, we have no way of determining whether or not the jury in considering the language of the charge "the enlightened conscience as an impartial jury," caused it to give double damages. This language was used by the court in both the charge as to Code § 105-2002 as to aggravated or punitive damages as well as to the language in Code § 105-2003, as to injury to the "peace, happiness or feelings of the plaintiff." The court then clearly instructed that if the entire injury to the plaintiff "should be to his peace, happiness or feelings," and the plaintiff should be entitled to recover on account of such injury, the only measure of damages is the enlightened conscience of fair and impartial jurors. It appears that the court endeavored to charge as would be required by *Westview Cemetery v. Blanchard,* 234 Ga. 540, 546, supra, to avoid any question of double recovery as to punitive damages to deter the wrongdoer as well as vindictive damages, that is, the entire injury to the "peace, happiness, or feelings of the plaintiff." We find no reversible error.

3. Where a motion for summary judgment is overruled, and the case is tried and the appellate court otherwise reviews the sufficiency of the evidence to support the verdict "as well as enumerations of alleged trial errors," it will not also review the denial of the motion for summary judgment. *Drillers Ser., Inc. v. Moody,* 242 Ga. 123, 124 (1) (249 SE2d 607). See also *Dunlap v. Dunlap,* 234 Ga. 304, 306 (3) (215 SE2d 674).

Our examination of the evidence here shows that it was sufficient to support the verdict of the jury finding damages in favor of the plaintiff. There is no merit in the complaint by the defendant contending the defendant had probable cause for the taking out of the warrant. The jury decided otherwise. The evidence was sufficient to show a claim of malicious prosecution, and the jury was authorized

to find for the plaintiff. See *Ellis v. Knowles,* 90 Ga. App. 40, 42 (81 SE2d 884); *Coleman v. Allen,* 79 Ga. 637 (1), supra; *Hearn v. Batchelor,* 47 Ga. App. 213, 214 (1, 2, 3), 215 (10) (170 SE 203); *Anderson v. Keller,* 67 Ga. 58 (4), 61; *Wilborn v. Elliott,* 149 Ga. App. 541, supra. The trial court did not err in refusing to grant the motion for directed verdict and in denying the motion for new trial. Any error in overruling the motion for summary judgment is deemed harmless.

4. In *Coleman v. Allen,* 79 Ga. 637, 638 (6), supra, it has been held that evidence of the pecuniary circumstances is admissible in actions for malicious prosecution. Consequently, if the defendant possessed an insurance policy of some type having coverage wherein he was protected with reference to malicious prosecution cases, same might be evidence as to his pecuniary circumstances.

Insurance was injected in the case sub judice when the wife of the plaintiff was asked on redirect examination whether the defendant had contacted her. In answering she testified defendant had told her that "do you know that if this goes to Court and you lose, that my insurance company will sue you?" telling her that he would only lose time from work whereas "you may lose a lot of money, you know." Whereupon, the jury was excused and a motion for mistrial was made that the witness had inserted into the minds of the jury a question of insurance, the presence of which was very prejudicial and improper. After considerable discussion the jury was recalled, and the trial court instructed them that the last question answered by this witness was improper and should be stricken and that the jury will not consider it in any way in the deliberations in this case. Generally, in automobile personal injury cases, any suggestion made in the presence of the jury at the instance of the plaintiff that the defendant is protected against responding in damages by liability insurance has been held to be highly prejudicial to the defendant and would require that a mistrial be declared. See *O'Neill Mfg. Co. v. Pruitt,* 110 Ga. 577, 578-579 (36 SE 59); *Heinz v. Backus,* 34 Ga. App. 203 (2) (128 SE 915); *Minnick v. Jackson,* 64 Ga. App. 554 (2), 560 (13 SE2d 891). Compare *Sims v. Martin,* 33 Ga. App. 486 (1, 2) (126 SE 872). However, it has been determined in more than one instance that if insurance is admitted as part of the res gestae this does not contravene the rule laid down by the courts as shown above. See *Sims v. Martin,* 33 Ga. App. 486 (1, 2), supra; *Goldstein v. Johnson,* 64 Ga. App. 31, 36 (12 SE2d 92); *Wade v. Drinkard,* 76 Ga. App. 159 (5), 163 (45 SE2d 231); *Smith v. Greene,* 144 Ga. App. 739, 741 (1) (242 SE2d 312).

This case does not involve an automobile injury, and the substance of the answer which brought insurance into play involved the issue that the defendant's insurance company would sue the plaintiff. Even so, the testimony was stricken by the court, the jury

instructed to disregard the question and answer and not to consider it in any way, thereby removing same from the jury's consideration. See *McDuffie v. Tanner,* 108 Ga. App. 213 (1), 215 (132 SE2d 675).

*Judgment affirmed. Banke, J., concurs. Smith, J., concurs in the judgment only.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED JUNE 17, 1980.

*Stanley R. Lawson,* for appellant.
*Michael R. Casper,* for appellee.