68587. ATLANTIC ZAYRE, INC. v. WILLIAMS.
(322 SE2d 83)

SOGNIER, Judge.

James Williams sued Atlantic Zayre, Inc. for malicious prosecution, false arrest and false imprisonment stemming from an alleged shoplifting incident at one of Atlantic Zayre's stores. The jury returned a verdict for Williams in the amount of $10,000 and Atlantic Zayre appeals.

Appellee purchased a light dimmer switch at one of appellant's stores. Appellee discovered he had purchased the wrong switch and returned with a friend the following day to exchange the switch for a correct dimmer switch. The incorrect switch, restapled in its box, was in appellee's pants pocket. After comparing the incorrect switch with the correct dimmer switch, appellee put the incorrect switch back in his pocket and proceeded to the cash register to exchange the switches. However, appellee had failed to bring his purchase receipt and because the correct switch was more expensive, he decided not to buy it. He placed the new switch on a shelf behind the cash register and paid for some other items. As appellee was walking out of the store, appellant's security officer grabbed appellee by his pants pocket and ripped it. Appellee was taken to the security office where he explained what had occurred to both the security officer and the store's security manager, John Parnell. Parnell accompanied appellee to the check-out counter where the correct switch was found exactly where appellee had placed it. Despite appellee's explanation, appellant's security personnel filed a shoplifting charge against appellee. Appellee was taken to the police car parked directly in front of appellant's store where he sat fifteen to twenty minutes while he was ticketed by the police officer who had been called by appellant's personnel. Appellee was then allowed to leave. The charge against appellee was dismissed in court by appellant approximately a week later.

1. Appellant contends the trial court erred by failing to accept the first verdict handed down by the jury, which stated that appellant was "not guilty" of the charges but concluded: "We, the Jury, find: that the Defendant [appellant] is guilty as charged with false imprisionment [sic] and hereby request that the Plaintiff be awarded for [sic] punitive damages." Because of the conflict in the verdict, the trial judge would not accept it, and instructed the jury as to the proper form of the verdict. After further deliberations the jury returned with a verdict for appellee which was accepted by the trial court and approved by appellant's counsel as being in a proper form. "When the jury returns a verdict which is obviously conflicting, it is proper for the judge to explain the conflict to the jury and send them back for further consideration; it is not required that he receive and publish it. *Smith v. Pilcher*, 130 Ga. 350 (1) (60 SE 1000). With the conflicting findings appearing the judge was fully authorized to use his power of supervising the trial in trying to get a verdict which would be without conflict and would be the product of the jury." *Conner v. Mangum*, 132 Ga. App. 100, 103 (2) (207 SE2d 604) (1974). Thus, the trial court did not err by refusing to accept the first verdict here.

2. Appellant contends the verdict was against the weight of the evidence. An appellate court passes on the sufficiency of the evidence, not the weight. *Giordano v. Fed. Land Bank*, 163 Ga. App. 390 (1) (294 SE2d 634) (1982). There is some evidence to support the verdict and judgment.

Appellant argues there was evidence that appellant's security officer acted with probable cause. The record discloses that after initially detaining appellee under a reasonable suspicion of shoplifting, appellant's security officer and security manager initiated prosecution against appellee for shoplifting despite appellee's explanation and the discovery, after detention but prior to the arrival of any police officer, of evidence corroborating appellee's statement. " ' "In actions for malicious prosecution, the question is, not whether the plaintiff [appellee] was guilty, but whether the defendant [appellant] had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind of the defendant a *reasonable belief* that there was probable cause for the prosecution. [Cit.] Probable cause is defined to be the existence of such facts and circumstances as would excite the *belief* in a reasonable mind, that the person charged was guilty of the crime for which he was prosecuted." ' [Cit.]" *Melton v. LaCalamito*, 158 Ga. App. 820, 823-824 (282 SE2d 393) (1981). The evidence in this case "raised a jury question as to whether a reasonably prudent person would have made further inquiry before prosecuting. [Cit.]" *Bi-Lo, Inc. v. Stanciel*, 148 Ga. App. 614, 615 (1) (251 SE2d 834) (1979). The jury was thus authorized to find that appellant was acting

without probable cause when charges were pressed against appellee.

Appellant also argues that the evidence was devoid of any showing of malice on its part. " 'The "malice" contemplated by law in an action for malicious prosecution is the same as in an action for malicious arrest, and "may consist in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual." ' [Cit.]" *Melton*, supra at 824 (2) (c). Testimony was presented that even after Parnell and the security officer learned of the evidence supporting appellee's claim of innocence, Parnell refused to exert his authority and override the security officer's insistence on pressing the shoplifting charge. The security officer testified that "my shoplifters I bust, I don't let them go free. I always prosecute." From the evidence in this case, the jury could find malice. See *Melton*, supra at 824; *Wilson v. Bonner*, 166 Ga. App. 9, 13 (303 SE2d 134) (1983); *Voliton v. Piggly Wiggly*, 161 Ga. App. 813, 815 (288 SE2d 924) (1982).

We find no merit in appellant's further argument that the trial court erred by recharging the jury as to the form of the verdict. The record discloses that appellant's counsel approved the form of the second verdict, the recharge allowed the jury to bring in a verdict free of conflicts, and that sufficient evidence existed to authorize that verdict.

3. Appellant contends the trial court erred by admitting appellee's testimony concerning the conduct of appellant's security manager, John Parnell, subsequent to the shoplifting incident. Appellee testified that Parnell telephoned him several times and made three uninvited visits to appellee's home, bringing bottles of whiskey and on one occasion a marijuana cigarette. During these contacts, Parnell spoke to appellee mainly about signing a release form in exchange for a letter of apology from appellant. However, Parnell also spoke to appellee about the personality conflicts existing between him (Parnell) and the security officer which explained Parnell's refusal to override the security officer's insistence on pressing the shoplifting charge against appellee.

"Although there must be malice and want of probable cause at the inception of the action, all of the circumstances surrounding the original action, whether occurring before or after its initiation, may be used to support reasonable inferences that malice or want of probable cause existed from the beginning. [Cit.]" *Bi-Lo, Inc.*, supra at 616 (3). The testimony complained of was relevant to the question why Parnell allowed charges to be pressed against appellee even after he had reason to believe appellee was innocent of the charge. Such evidence would support a reasonable inference that appellant's security manager acted "in a general disregard of the right consideration of mankind, directed by chance against the individual." *Melton,* supra

at 824. Thus, we find no error in the trial court's admission of this evidence.

Appellant argues Parnell's statements and actions were admitted erroneously because there was no proof that Parnell's conduct was authorized or ratified by appellant. Parnell's subsequent conduct was admitted to shed light on the issues of malice and lack of probable cause at the inception of the action when Parnell was uncontrovertedly acting as appellant's agent. Therefore, we find no merit in appellant's argument.

Appellant's remaining argument relating to Parnell's testimony is without merit.

4. Appellant next contends that the trial court erred by failing to admit evidence concerning the shoplifting problem at its store and evidence concerning appellee's prior law enforcement career.

(a) In regard to the shoplifting problem, appellant's zone personnel director was allowed to testify that appellant's store where this incident occurred has the most serious shoplifting problem of all appellant's stores in a seven-state area. The trial court refused to admit evidence of other shoplifting incidents involving nonrelated parties as compared to the subject incident. Actions of third parties not involved in the case are not admissible where it was not shown that such evidence bore either directly or indirectly on issues being tried by the jury. See *Goldgar v. Galbraith*, 155 Ga. App. 429, 430 (2) (b) (270 SE2d 833) (1980). " ' "In a controversy between two persons regarding a given subject matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant." [Cit.]' [Cit.]" *Complete Trucklease v. Auto Rental &c.*, 160 Ga. App. 568, 571 (3) (288 SE2d 75) (1981).

(b) Appellee testified that he had been a policeman and police chief in Connecticut and South Carolina. He also testified that during his law enforcement career he never participated in any shoplifting investigations. The trial court refused to admit evidence of other arrests and convictions appellee had obtained as a former police officer. Questions of relevancy of evidence are for the court. *Jones v. Smith*, 160 Ga. App. 147, 148 (2) (286 SE2d 478) (1981). It was within the discretion of the trial judge to determine whether the testimony was relevant and admissible on this issue and, under the circumstances of this case, we cannot say that he abused that discretion. See *R.O.H. Properties v. Westside Elec. Co.*, 151 Ga. App. 857, 858 (1) (261 SE2d 767) (1979).

The trial court did not err by refusing to admit evidence as to either of these two issues.

5. Appellant contends the trial court erroneously charged the jury on the issue of punitive damages. Appellant argues that the trial

court, by charging the elements of both OCGA § 51-7-47 and OCGA § 51-12-6, was authorizing the jury to award appellee double punitive damages. OCGA § 51-7-47 provides that "[r]ecovery in actions for malicious prosecution shall not be confined to the actual damage sustained by the accused but shall be regulated by the circumstances of each case." See *Wilborn v. Elliott*, 149 Ga. App. 541, 542 (4) (254 SE2d 755) (1979). In the absence of any "exact" measure of damages in malicious prosecution cases, *Simmons v. Edge*, 155 Ga. App. 6 (1) (270 SE2d 457) (1980), the provisions of OCGA § 51-12-6, authorizing the assessment of damages in tort cases in which the entire injury is to the peace, happiness or feelings of the plaintiff, prescribe that the "enlightened consciences of impartial jurors" be the measure and provides factors to be weighed by the jury in making its decision. We find no error in the trial court's charge of OCGA § 51-12-6. See *Simmons*, supra.

6. In light of our holding in Division 2, it is unnecessary for us to address appellant's final enumeration of error that there was insufficient evidence of malice to authorize the trial court's charge on punitive damages.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 6, 1984.

*John D. Jones, Newton M. Galloway*, for appellant.
*Thomas L. Murphy*, for appellee.

