## 74122. WOOD v. FOOD GIANT, INC.
(359 SE2d 410)

CARLEY, Judge.

Appellant-plaintiff filed suit, seeking damages for the injuries sustained when she was struck by a piece of machinery that was being operated by an employee of appellee-defendant. Although a jury verdict was returned in favor of appellant, she appeals from the judgment entered thereon.

1. Appellant enumerates as error the giving of a jury charge on comparative negligence.

The jury was authorized to find the following: Appellant and several others were standing next to the doors to a stockroom on appellee's business premises. Appellee's employee wished to drive the piece of machinery through the stockroom doors. The employee warned the

group to look out and everyone but appellant moved out of the way. Appellant testified that she knew that the machine was coming toward her but, thinking that it would be able to pass through the doors, she was not worried. From this evidence, the jury was authorized to infer that appellant negligently stood in the way of the machine, and that her negligence, in part, caused her injuries. Accordingly, the charge on comparative negligence was correctly given. " 'The amount of evidence which makes (a charge on plaintiff's negligence) appropriate, and thus renders it error to refuse a timely request, need not be great. It is sufficient if there is slight evidence from which, as here, inferences of negligence can be drawn by the jury. [Cit.]' [Cit.]" *Seay v. Urban Medical Hosp.*, 172 Ga. App. 344, 347 (4) (323 SE2d 190) (1984).

2. Appellant enumerates as error the giving of a jury charge on the avoidance doctrine. See OCGA § 51-11-7; *Parham v. Roach*, 131 Ga. App. 728, 734-35 (4) (206 SE2d 686) (1974). Since the jury returned a verdict which awarded damages to appellant, it is clear that it did not apply this doctrine. Accordingly, even if erroneous, the giving of the charge was harmless. *Jernigan v. Carmichael*, 145 Ga. App. 560, 561 (2) (244 SE2d 92) (1978). See generally *Maloy v. Dixon*, 127 Ga. App. 151 (2b) (193 SE2d 19) (1972); *Butler v. Anderson*, 163 Ga. App. 547 (2) (295 SE2d 216) (1982).

3. The trial court's refusal to grant appellant's motion for new trial based on alleged juror misconduct is enumerated as error.

One instance of asserted misconduct concerns a juror who was allegedly sleeping through essential testimony. The record shows that appellant's counsel was aware of the juror's conduct and brought it to the attention of the trial court. The record does not, however, show that any motion for mistrial, objection, or request for curative action was ever made. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict and complain later. [Cits.]" *Joyner v. State*, 208 Ga. 435, 438 (2) (67 SE2d 221) (1951).

In another instance, a juror allegedly discussed the case with a third party while the trial was still in progress. The only evidence of the existence of such a conversation is in the form of an affidavit of one who claimed to have heard a juror discuss the case over the telephone. The affiant did not listen to the juror's conversation and did not know what was said. Appellant has not shown any harm or prejudice resulting from the juror's alleged actions. Absent such a showing, we cannot say that the trial court abused its discretion in denying appellant's motion for new trial. *Smith v. Blackshear*, 127 Ga. App. 610 (194 SE2d 519) (1972); *Bi-Lo, Inc. v. Stanciel*, 148 Ga. App. 614 (251 SE2d 834) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 25, 1987 —
REHEARING DENIED JULY 9, 1987 —

*L. Z. Dozier*, for appellant.
*Mary Mendel Katz*, for appellee.