## 75927. ALLEN v. MONTGOMERY WARD & COMPANY.
(367 SE2d 120)

BIRDSONG, Chief Judge.

This is an appeal from an order of the superior court granting appellee/defendant's motion for summary judgment in a suit for malicious prosecution.

Appellant/plaintiff was prosecuted in state court for the offense of shoplifting. She pled not guilty to the accusation and contested the State's version of the facts. Her motion for a directed verdict of acquittal was denied by the trial judge; however, the jury subsequently acquitted the appellant/plaintiff. Thereafter, appellant/plaintiff initiated suit against the appellee/defendant for malicious prosecution. The appellee/defendant's motion for summary judgment in this civil suit was granted. Appellant/plaintiff enumerates four errors for this court's consideration. The first three enumerations of error will be consolidated for purposes of judicial resolution. *Held*:

1. Appellant/plaintiff enumerates as error that the trial court erred in granting defendant/appellee's motion for summary judgment because genuine issues of material fact existed which should have been presented to a jury, and thus the trial court's ruling was contrary to law, contrary to the evidence, and strongly against the weight of the evidence, respectively.

OCGA § 51-7-40 provides that "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action." A motion for summary judgment should be granted in a suit for malicious prosecution, as in other cases, when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c).

In 1881, in the case of *Anderson v. Keller*, 67 Ga. 58, the Supreme Court held that it was error in a suit for malicious prosecution for the trial judge to grant non-suit where the material facts were in dispute. The court stated, "even if the whole proceeding had been without malice and with probable cause in the opinion of the judge, yet he should have sent it to the jury. . . ." Id. at 61. Further, OCGA § 51-7-43 pertinently provides, "[l]ack of probable cause shall be a question for the jury, under the direction of the court." However, this

court has held that while "[o]rdinarily the existence of probable cause is a jury question . . . where the material facts are not in dispute or only one inference can be drawn, the question becomes one of law." *Abernathy v. Dover*, 139 Ga. App. 323 (228 SE2d 359). Although *Abernathy* was decided before OCGA § 51-7-43 was enacted, a similar code provision (Code Ann. § 105-802) was then in existence. Accordingly, we see no necessity to depart from this established rule in the resolution of the case before us, although under most circumstances the question of probable cause will be "a mixed question of law and fact." See generally *Melton v. LaCalamito*, 158 Ga. App. 820, 823 (282 SE2d 393). This court must carefully examine the circumstances of individual malicious prosecution cases to determine whether the question of probable cause therein presented constitutes an issue of fact for the jury, an issue of law for the court or a mixed question of law and fact.

In 1987, the Supreme Court in the case of *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23), was faced with the issue of "whether a judicial determination of probable cause made in the course of a criminal prosecution can establish, as a matter of law and for purposes of summary judgment, the existence of probable cause in a civil action for malicious prosecution." At his trial on the criminal charge, the defendant Sigler's counsel moved for a directed verdict of acquittal at the close of the State's case. The trial court denied the motion. The Supreme Court determined that the standard employed by the trial judge in ruling on a motion for judgment of acquittal is a higher standard than that of "mere 'probable cause.'" Id. at 761. Accordingly, the court opined, "when the trial judge rules that the evidence is sufficient *as a matter of law* to support a conviction (that is, is sufficient to enable a rational trier of fact to find each and every element of the guilt of the accused beyond a reasonable doubt) . . . no reason [exists] why such a holding — unreversed and in the absence of fraud or corruption — should not suffice as to the existence of probable cause." Id. Thus, the Supreme Court concluded that the trial court's denial of a motion for a directed verdict of acquittal constituted a binding determination of the existence of probable cause. Id.

The case of *Monroe v. Sigler* is directly on point with the facts of the case at bar. However, appellant/plaintiff argues that it is but an aberration, which is contrary to the sound logic found in *Wilborn v. Elliott*, 149 Ga. App. 541 (5) (254 SE2d 755) holding that verdicts can be directed only when there is no conflict as to any material issue and when the verdict directed is demanded by the evidence and all reasonable deductions therefrom. Id. at 543. Appellant/plaintiff also argues that *Monroe* is in contravention of 100 years of Georgia precedent. However, appellant/plaintiff does not show that the trial judge's ruling denying the motion for directed verdict was ever reversed or

that fraud or corruption was an influencing factor in that ruling.

We do not view *Monroe v. Sigler*, supra, as an aberration, rather we view it as an exception to the statutory rule that lack of probable cause is a question for the jury. In this regard, it must be remembered that while judicial interpretation is carefully constrained by the doctrine of stare decisis, it is a dynamic process nonetheless. In our view, *Monroe v. Sigler* is dispositive of this enumerated error. Appellant/plaintiff, in effect, has solicited this court to ignore the precedent established by *Monroe* and to author an opinion that would establish a contrary rule of law. This we cannot do. Ga. Const., Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents"). Thus, we conclude that appellant's first, second, and third enumerated errors are without merit.

2. Appellant's fourth enumerated error is that the trial court erred in granting appellee/defendant's motion for summary judgment because its ruling is unconstitutional in that it deprived appellant/plaintiff of her right to the courts and of her right to trial by jury as enumerated in the Bill of Rights of the Constitution of the State of Georgia.

We find that appellant/plaintiff has waived this constitutional issue by failing to timely raise it and by failing to obtain a ruling thereon at the trial level. Cf. *Shirley v. State*, 254 Ga. 723, 724 (334 SE2d 154); *Hardison v. Haslam*, 250 Ga. 59, 61 (295 SE2d 830) (" 'It is well settled that "(T)his court will not pass upon the constitutionality of a statute unless it *clearly* appears that the point was properly raised in the trial court *and passed on*." ' "); *Arp v. State*, 249 Ga. 403 (1) (291 SE2d 495).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

Decided March 11, 1988.

*H. Baxter Harcourt, Tina G. Stanford*, for appellant.
*Robert C. Martin, Jr.*, for appellee.