A95A0856. BOWENS v. THE STATE.
(457 SE2d 238)

SMITH, Judge.

In a bifurcated trial conducted under the procedure established in *Head v. State*, 253 Ga. 429, 431-432 (3) (a) (322 SE2d 228) (1984), James Arthur Bowens was found guilty by a jury of armed robbery and aggravated assault, then tried and likewise found guilty by the jury of possession of a firearm by a convicted felon. Bowens was convicted on all three counts, but his conviction on the aggravated assault verdict was later vacated since the armed robbery and aggravated assault counts merged as a matter of fact. See, e.g., *Hambrick v. State*, 256 Ga. 148, 150-151 (4) (344 SE2d 639) (1986). Bowens appeals following the denial of his motion for new trial.

In his sole enumeration of error, Bowens contends "the trial court erred by failing to voir dire the jurors after the defense brought possible juror misconduct to the court's attention." The transcript of the first phase of the trial reflects that Bowens informed his defense counsel that the charges against him, including the possession of firearm charge, were posted in the hallway outside the courtroom. Defense counsel related to the court that "[Bowens'] family was here yesterday in the hallway. And the way that it came to their attention, my understanding is that one of the white female jurors said, look at what all they got him charged with. He is not clear on which juror it is. The only description was one of the white female jurors."[1]

This is essentially defense counsel's account of Bowens' account of his missing and otherwise unidentified family member's account of what that person believed he saw a juror do, a juror described only as

---

[1] The record reflects the trial court had the unredacted calendar information removed from the hallway as soon as the problem came to the court's attention. We cannot overstate the wisdom of this decision, nor can we overemphasize the soundness of the court's pronouncement that "we're not going to post any more calendars." As this case illustrates, it cannot merely be assumed that an unedited court calendar contains no extrajudicial information of a nature potentially prejudicial to a criminal defendant.

a "white female." Based on this somewhat less than rock-solid premise, Bowens argues that *not only* should the trial court have questioned the jurors on the matter, but that the court should have done so after the verdict was rendered. We disagree. The trial court correctly concluded the "evidence" presented was insufficient to afford a basis for inquiring into the alleged misconduct. Moreover, neither Bowens nor his counsel moved for a continuance nor in any other way suggested that Bowens' "family member" might be available to identify the offending juror so that the alternate juror (who happened to be a black female and therefore did not fit the profile of the offending juror) could be substituted.

The time to investigate *and remedy* suspected juror misconduct brought to the parties' attention during the trial is before the jury reaches its verdict and not after. See *Monroe v. Kersey*, 207 Ga. App. 108, 109 (6) (427 SE2d 80) (1993); *Hand v. State*, 205 Ga. App. 467, 468 (1) (422 SE2d 316) (1992); *Wood v. Food Giant*, 183 Ga. App. 604, 605 (3) (359 SE2d 410) (1987); *Maloy v. Dixon*, 127 Ga. App. 151, 163 (4) (193 SE2d 19) (1972). "In short, one cannot, in the hope or expectation of obtaining a verdict in his own favor, follow a trial tactic which he may believe to be advantageous but which results in a waiver and, when a verdict is returned which he now seeks to overturn, enumerate the error as a ground for setting it aside." Id.

Even if this were not so, we note that the evidence against Bowens was overwhelming, which suggests that if the trial court had failed entirely to sever the possession of firearm charge from the more serious charges as mandated under *Head*, supra, the omission likely would not have affected the verdict on the armed robbery charge. See *Meredith v. State*, 211 Ga. App. 213, 214 (1) (438 SE2d 644) (1993). We find no harmful error preserved for our review.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED APRIL 13, 1995.

*John O. Ellis, Jr.*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.